The STATE of Texas, Appellant,

v.

James Olen GROVES, Appellee.

No. A14-90-562-CR.

Court of Appeals of Texas,
Houston (14th Dist.).

Jan. 31, 1991.

Alan Curry, Houston, for appellant.

Thomas L. Royce, Jr., Houston, for appellee.

Before J. CURTISS BROWN, C.J., and MURPHY and CANNON, JJ.

OPINION

CANNON, Justice.

The State appeals an order of the trial court granting appellee's motion to suppress evidence in a prosecution against appellee for driving while intoxicated. In its sole point of error, the State contends the trial court erred in granting appellee's motion to suppress. We reverse and remand.

In his motion to suppress, appellee claimed the question of whether the police had probable cause to stop him had already been determined at an earlier hearing held in the justice court to determine whether his driver's license should be suspended. TEX.REV.CIV.STAT.ANN. art. 6701*l*–5 § 2(f). Thus, he claimed that the doctrine of collateral estoppel prevented further litigation of the issue of probable cause in a subsequent prosecution for driving while intoxicated. Along with his motion to suppress, appellee filed a special plea of double jeopardy. At the motion to suppress hearing, appellee offered into evidence a certified copy of the records from the Texas Department of Public Safety concerning the prior administrative hearing in the justice court.

■ The trial court's findings in a pretrial hearing will not be disturbed absent an abuse of discretion. *Freeman v. State*, 723 S.W.2d 727, 729 (Tex.Crim.App.1986). In granting the motion to suppress, the trial court made the following findings:

In the Administrative Hearing, was probable cause to arrest the issue that was litigated and upon which the judge in that hearing made a negative finding? And, what I have before me as evidence in that regard is Defendant's Exhibit Number One, and which is—are the documents—certified documents from that Administrative Hearing, and specifically, I'm [sic] going to refer to page two

thereof, and I don't [sic] know if it has—it begins with "State of Texas and County of Harris," and in it, it lists as probable cause supporting the officer's belief that the person was driving while intoxicated a list of six factors, and these apparently are the six factors that were submitted to the judge in that hearing to determine whether or not there was probable cause, and the judge based upon those six factors determined according to this document that there was not and made a negative finding.

Additionally, what is in evidence in the case that I think that I can consider is a—is Defendant's Special Plea of Double Jeopardy, and that is sworn to by the Defendant, James Olen Groves. He swears that the allegations, in fact, contained therein are true and correct, and in that connection, he swears that—in paragragh two—that at the conclusion of this hearing before the Justice Court, that the Court made a—made a negative finding upon the question of whether probable cause existed that the defendant was driving while intoxicated.

I feel that *Neaves* stands for the proposition, and once I read it more than once, fairly strongly, that if you have identity of parties and you're [sic] trying to litigate an issue that has been previously litigated, collateral estoppel would prevent that from happening.

It's [sic] not a double jeopardy issue. There is not a question of double jeopardy in regard to this because this defendant is not, yet, in jeopardy in this Court. However, I feel that collateral estoppel does apply, and that the State cannot, now, relitigate the issue of whether or not there was probable cause for this Defendant's arrest.

Therefore, I am going to grant Defendant's Motion to Suppress at this point.

■ While correctly relying on *Neaves v. State*, 767 S.W.2d 784 (Tex.Crim.App.1989), we find that the trial court misconstrued the holding of *Neaves* and abused its discretion in granting appellee's motion to suppress on the basis of the collateral estoppel doctrine. In *Neaves*, the defendant refused to submit a specimen of breath or blood for a determination of alcohol concentration. Prior to trial, a hearing was held before the municipal court pursuant to article 6701*l*–5, § 2(f), to determine whether the defendant's driver's license should be suspended. At the conclusion of the hearing, the municipal court made a negative finding upon the question of whether probable cause existed that the defendant had been driving while intoxicated. In the subsequent trial, the defendant raised the plea of collateral estoppel, asserting that the negative finding by the municipal court in the license suspension proceeding estopped the State from establishing that the defendant had been driving while intoxicated. 767 S.W.2d at 785.

The Court of Criminal Appeals concluded that the "issues of ultimate fact" are different in a license suspension hearing held pursuant to article 6701*l*–5, § 2(f), than they are in a trial for driving while intoxicated. 767 S.W.2d 787. The Court held that a negative finding of probable cause made in a prior hearing held pursuant to article 6701*l*–5, § 2(f), does not preclude the State from litigating the issue of whether the defendant was driving while intoxicated in a subsequent trial. *Id.* In the instant case, a prior hearing held in the justice court pursuant to article 6701*l*–5, § 2(f), determined there was no probable cause that appellee was driving while intoxicated. We hold that the doctrine of collateral estoppel does not bar the State's subsequent prosecution of appellee for driving while intoxicated. Accordingly, we reverse the order of the trial court granting appellee's motion to suppress and remand this cause to the trial court for further proceedings in accordance with this opinion.