James **WALTON**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. B14–91–00965–CR.

Court of Appeals of Texas,
Houston (14th Dist.).

May 21, 1992.

George O. Jacobs, Houston, for appellant.

Alan Curry, Houston, for appellee.

Before PAUL PRESSLER, MURPHY and CANNON, JJ.

## OPINION

CANNON, Justice.

This is an appeal from the denial of appellant's application for writ of habeas corpus. We affirm.

In cause number 91–00776, appellant was charged with the misdemeanor offense of driving while intoxicated. TEX.REV.CIV. STAT.ANN. art. 6701*l*–1 (Vernon Supp.1992). On April 18, 1991, an administrative hearing was held in the municipal court to determine whether appellant's refusal to submit a specimen of breath or blood would result in the suspension of his driver's license. TEX.REV.CIV.STAT.ANN. art. 6701*l*–5 § 2(f) (Vernon Supp.1992) According to appellant, the municipal judge made a finding of insufficient probable cause in refusing to suspend appellant's driver's license. *See Id.* Appellant filed this application for writ of habeas corpus claiming that the State was precluded from relitigating the issue of probable cause in the prosecution for driving while intoxicated. After a hearing on October 15, 1991, the trial court denied appellant's application for writ of habeas corpus.

In his sole point of error, appellant contends that the trial court erred in failing to grant his application for writ of habeas corpus and in failing to dismiss the prosecution for driving while intoxicated based upon the doctrines of double jeopardy and collateral estoppel. Specifically, appellant claims that the issue of probable cause was

resolved in his favor at the earlier hearing to suspend his driver's license and, thus, to prosecute him now for driving while intoxicated "would be to twice place him in jeopardy on a material issue of fact."

■ The double jeopardy proscription of the Fifth Amendment to the U.S. Constitution and Article I, Section 14 of the Texas Constitution protect an accused against being twice tried for the same offense. While there is absolutely no mention of collateral estoppel in either appellant's application or at the hearing on the same, the constitutional protection against double jeopardy necessarily encompasses the doctrine of collateral estoppel. *Ex Parte Daniel*, 781 S.W.2d 412, 414 (Tex.App.—Houston [1st Dist.] 1989, pet. ref'd) (citing *Ashe v. Swenson*, 397 U.S. 436, 445, 90 S.Ct. 1189, 1195, 25 L.Ed.2d 469 (1970)). The traditional bar against double jeopardy prohibits a second prosecution for the crime itself while collateral estoppel prevents the State from relitigating certain facts in order to establish the fact of the crime. *Ex parte Tarver*, 725 S.W.2d 195, 198 (Tex. Crim.App.1986); *Ex parte Byrd*, 752 S.W.2d 559, 564 (Tex.Crim.App.1988).

■ "Collateral estoppel means simply that when an issue of ultimate fact has once been determined by a valid and final judgment, that issue cannot again be litigated between the same parties in any future lawsuit." *Ashe*, 397 U.S. at 443, 90 S.Ct. at 1194; *Ex Parte Tarver*, 725 S.W.2d at 198. This Court has held, relying on *Neaves v. State*, 767 S.W.2d 784 (Tex.Crim. App.1989), that a negative finding of probable cause made at an earlier administrative hearing held pursuant to article 6701*l*-5 § 2(f) does not preclude the State from litigating the issue of whether the defendant was driving while intoxicated in a subsequent prosecution. *Groves v. State*, 807 S.W.2d 775, 776 (Tex.App.—Houston [14th Dist.] 1991, pet. granted). Because the "issues of ultimate fact" in an administrative hearing held pursuant to article 6701*l*-5 § 2(f) are different from those in a prosecution for the offense of driving while intoxicated, the doctrine of collateral estoppel does not bar the State's subsequent

prosecution for driving while intoxicated. *Neaves*, 767 S.W.2d at 787; *Groves*, 807 S.W.2d at 776; *See also Newton v. State*, 780 S.W.2d 957 (holding that municipal judge's finding of no probable cause to hold defendant pending the filing of D.W.I. charge does not defeat presumption of proper police conduct and did not preclude subsequent D.W.I. prosecution).

■ In addition, collateral estoppel is inapplicable here because a hearing to suspend a person's license is not a traditional adversarial hearing but is administrative and civil in nature. *See Burrows v. Texas Dep't of Pub. Safety*, 740 S.W.2d 19, 20 (Tex.App.—Dallas 1987, no writ). That the hearing is administrative does not by itself preclude the application of collateral estoppel; however, the municipal judge in such a hearing is not "acting in a judicial capacity" and there is "no full hearing on an issue at which both the State and an accused are represented by counsel." *Ex Parte Tarver*, 725 S.W.2d at 199. The record does not include a statement of facts of the hearing to suspend appellant's license. The record contains only an uncertified copy of the petition for administrative hearing and notice of hearing, both of which reflect that the State was represented by the Director of the Texas Department of Public Safety, not by counsel. *See Ex parte Daniel*, 781 S.W.2d at 414.

■ Even if collateral estoppel does apply, it is the defendant's burden to prove: (1) that the issues litigated in the two proceedings are in fact identical and, (2) that, in the first proceeding, the factfinder necessarily resolved the contested issue in favor of the defendant. *Ladner v. State*, 780 S.W.2d 247, 258 (Tex.Crim.App.1989). Appellant has not carried his burden. As previously discussed, appellant has not shown that the issues of probable cause in the two proceedings in question are identical. *See Neaves*, 767 S.W.2d at 787; *Groves*, 807 S.W.2d at 776. Moreover, other than the testimony of appellant and his counsel at the hearing on the application for writ habeas corpus to the effect that the municipal judge found a lack of probable cause, there is nothing in the record

that details the municipal judge's finding.[1] The proper application of collateral estoppel should not be decided solely on the basis of the self-serving declarations and opinions of counsel. *Ladner*, 780 S.W.2d at 254 (citing *McCrory v. State*, 643 S.W.2d 725, 733 (Tex.Crim.App.1983)). In the absence of a record of the earlier proceeding, it is difficult to determine with certainty whether the municipal judge necessarily decided the issue of probable cause adversely to the State.

As to appellant's general claim of double jeopardy, we hold that a defendant's right against double jeopardy is not violated when the State attempts to prosecute the defendant for the offense of driving while intoxicated—after an attempt has been made to suspend the defendant's driver's license. Suspension of a person's driver's license does not constitute an "offense" for purposes of a defendant's protection against double jeopardy and, therefore, cannot be the "same offense" as driving while intoxicated. Accordingly, we overrule appellant's sole point of error and affirm the judgment of the trial court.

---

**1.** In *Groves,* the record contained a certified copy of the records of the Texas Department of Public Safety, concerning the prior administrative hearing to suspend the defendant's license. *Groves,* 807 S.W.2d at 775. Those records included the judge's finding of no probable cause.