The STATE of Texas, Appellant,

v.

James Olen GROVES, Appellee.[1]

No. 291–91.

Court of Criminal Appeals of Texas, En Banc.

June 3, 1992.

Rehearing Denied Sept. 23, 1992.

Douglas M. O'Brien, Houston, for appellee.

John B. Holmes, Jr., Dist. Atty., and Alna Curry, Stephanie Stephens and Brigitte Peters, Asst. Dist. Attys., Houston, Robert Huttash, State's Atty., Austin, for the State.

## OPINION ON APPELLEE'S PETITION FOR DISCRETIONARY REVIEW

OVERSTREET, Judge.

Appellee was charged by information with the misdemeanor offense of driving while intoxicated (hereinafter referred to as DWI), alleged to have been committed on or about August 6, 1988. On June 11, 1990 in the County Criminal Court at Law

---

**1.** We note that the information and complaint filed in the trial court indicate that appellee's name is "Olen James Groves." That style was continued on several reset forms. However, the name appears as "James Olen Groves" on all of appellee's pleadings which appear in the record. The trial court's order of suppression, the State's Notice of Appeal, the parties' instruments on appeal, and the court of appeals' opinion all describe the name as "James Olen Groves."

Number Eleven of Harris County, Texas, the trial court granted appellee's motion to suppress evidence, thus ordering that "all evidence seized as a result of [appellee]'s arrest on August 6, 1988 be suppressed." The State appealed that ruling. The court of appeals reversed the trial court's suppression order. 807 S.W.2d 775. We granted appellee's sole ground for review which challenged the court of appeals' ruling.

## I.

### APPELLEE'S CLAIM BEFORE TRIAL COURT

Appellee filed a "Motion to Suppress Evidence." That motion alleged that a justice court, after holding a hearing "to determine whether [appellee]'s license should be suspended for failing to submit a specimen of breath or blood for a determination of alcohol concentration upon his arrest[,]" made a "negative finding upon the question whether probable cause existed that [he] was driving while intoxicated." The motion further averred that since the ultimate issue of fact concerning the issue of probable cause at the time of arrest had already been resolved by the justice court's "finding of no probable cause[,]" "collateral estoppel requires no further litigation of th[e] issue." Thus appellee sought suppression of all evidence obtained as a result of his arrest because the justice court had purportedly previously found that there was no probable cause for his arrest for DWI. It was undisputed that the justice court's proceedings concerned the same arrest as was the subject of the instant cause. The trial court granted appellee's motion and "therefore ordered that all evidence seized as a result of [his] arrest on August 6, 1988 be suppressed."[2] The State appealed that order.

## II.

### COURT OF APPEALS' RULING

The Fourteenth Court of Appeals found that the trial court "abused its discretion in granting appellee's motion to suppress on the basis of the collateral estoppel doctrine." *State v. Groves*, 807 S.W.2d 775, 776 (Tex.App.—Houston [14th Dist.] 1991). Relying upon this Court's opinion in *Neaves v. State*, 767 S.W.2d 784 (Tex.Cr. App.1989), it then held that "the doctrine of collateral estoppel does not bar the State's subsequent prosecution of appellee for [DWI] [,]" and "[a]ccordingly ... reverse[d] the order of the trial court granting appellee's motion to suppress[.]" *Id.* Appellee now claims that the court of appeals erred in so holding.

## III.

### MERITS OF APPELLEE'S CLAIM

Specifically, appellee's ground for review avers that the trial court properly granted his motion based upon a prior determination of lack of probable cause. The record reflects that at the hearing on the motion to suppress the only evidence presented was an exhibit consisting of certified copies of Texas Department of Public Safety (hereinafter referred to as DPS) records. Those records included, among other things, a warning form which indicated that the arrestee (which it is not disputed was appellee) refused the arresting officer's request to give a specimen of breath after being informed of the consequences of not giving such a specimen. These records also included an affidavit from the arresting officer that he had reasonable ground to believe that the arrestee (appellee) was driving or in actual physical control of a motor vehicle upon a public highway/beach in Texas while intoxicated. The affidavit delineated six specific facts in support of that belief.[3] Also included in

---

2. The record reflects that appellee also filed two other motions, which alleged other bases for evidence suppression, and a "Special Plea of Double Jeopardy." The trial court did not rule on any of those.

3. These facts included that the arrestee had extremely bloodshot eyes, a strong odor of alcohol on his breath, and slurred speech, was unsure in his balance and turning and did poorly while walking, and had an attitude that changed rapidly back and forth from cocky/combative to very polite/cooperative. An additional fact included was that the arrestee "was stopped for failing to maintain a single marked lane" and

the records was a DPS Petition for Administrative Hearing which sought an affirmative finding and judgment authorizing the DPS to suspend or deny appellee's license and driving privilege. That petition indicates that on December 1, 1988 a justice court made a negative finding and decreed that neither said license nor privilege be suspended/denied based upon the DPS petition.

Appellee claims that because of that finding and decree the justice court necessarily concluded that there was an absence of probable cause to arrest him. As noted above, the only evidence presented at the suppression hearing consisted of the above-described DPS records. Thus, there was no testimony regarding the particulars of the justice court hearing or the basis of the negative finding made therein. Both appellee and the State agree that the justice court's "negative finding" ruling was based upon DPS actions pursuant to Article 6701*l*–5, § 2(f), V.A.C.S.

■ Article 6701*l*–5, § 2(f), V.A.C.S., provides for the relief which the DPS sought in its petition before the justice court upon findings:

"(1) that probable cause existed that such person was driving or in actual physical control of a motor vehicle on the highway or upon a public beach while intoxicated, (2) that the person was placed under arrest by the officer and was offered an opportunity to give a specimen under the provisions of th[e] Act, and (3) that such person refused to give a specimen upon request of the officer[.]"

However, "[i]f ... the court finds in the negative one of the issues required by [Subsection (f), above]," the relief which the DPS sought against appellee is to be denied. Article 6701*l*–5, § 2(g), V.A.C.S. As the justice court did make a negative finding and deny such relief, apparently it "f[ound] in the negative one of the issues" described above. There is nothing in the record to indicate that that finding specifically related to the presence or absence of probable cause to arrest appellee.[4]

■ The record reflects that, at the hearing on appellee's motion to suppress, the trial court explicitly stated, among other things, that it found that in light of "the six factors that were submitted to the [justice court] judge in that hearing to determine whether or not there was probable cause, and the [justice court] [judge], based upon those six factors, determined ... that there was not and made a negative finding." In other words, the trial court found that the justice court had found an absence of probable cause.[5] The trial court then added that it thought that it could consider appellee's Special Plea of Double Jeopardy which was sworn to by appellee, and "in that connection" appellee had sworn "that at the conclusion of th[e] hearing before the [j]ustice [c]ourt, that the [c]ourt made a—made a negative finding upon the question of whether probable cause existed that the defendant was driving while intoxicated." The record does contain such an instrument which includes a "sworn verification" which states that all of the allegations of fact contained within that special plea are true and correct. That special plea stated, among other things, that "[a]t the conclusion of the hearing, the [Justice] Court made a negative finding upon the

---

that he had "r[un] his vehicle up and over a 6 [–inch] curb and onto the median twice."

**4.** The Court of Appeals' statement that "[i]n the instant case, a prior hearing held in the justice court ... determined there was no probable cause that appellee was driving while intoxicated" is not supported by the record. *State v. Groves,* 807 S.W.2d 775, 776 (Tex.App.—Houston [14th Dist.] 1991). Also see Exhibit A [available at the Court of Appeals].

**5.** We note that at the conclusion of the hearing, one of the prosecutors stated to the trial court that "I assume that that is sufficient findings of

facts and conclusions of law, and if not, I would request that you make findings of facts." The trial court responded, "I think I did." The prosecutor then replied, "I think you did, too, but I just wanted to make certain." The trial court then stated, "That's what I intended to do, and I believe that I did it." It then added, "I tried real hard to try to get the facts found and the conclusions made, and I think that I did that." While the record does not reveal any specific written findings of fact and conclusions of law, the above-detailed exchange indicates that the trial court intended for its findings/conclusions to be expressed via its oral pronouncements.

question whether probable cause existed that defendant was driving while intoxicated." However, that special plea, though sworn to, constituted only a pleading and did not establish as true the issues of fact alleged therein. *Ray v. State*, 150 Tex. Crim. 80, 198 S.W.2d 906 (1947).

Though we defer to a trial court's factual findings when they are supported by the record, we conclude that the record does not support the trial court's finding that the justice court had found such an absence of probable cause. Collateral estoppel involves the preclusion of relitigating an issue of ultimate fact which has already been litigated. *Dedrick v. State*, 623 S.W.2d 332 (Tex.Cr.App.1981). Because there is nothing in the record to indicate that the issue of probable cause to arrest appellee had been previously litigated (as there is nothing indicating that the justice court concluded that there was an absence of such probable cause), there was no collateral estoppel bar to litigating that issue in the instant cause. Therefore the trial court erred in granting appellee's motion to suppress and ordering "that all evidence seized as a result of [his] arrest ... be suppressed."

## IV.

### CONCLUSION

We therefore affirm the judgment of the court of appeals reversing the trial court's order of suppression. This cause is hereby remanded to the trial court for further proceedings not inconsistent with this opinion.

CLINTON, J., dissents.