Steven Truitt **ELWELL**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 05–91–01816–CR.

Court of Appeals of Texas, Dallas.

Feb. 23, 1994.

Melvyn Carson Bruder, Dallas, for appellant.

Pamela Sullivan Berdanier, Asst. Dist. Atty., Dallas, for appellee.

Before McGARRY, C.J., and SPURLOCK [1] and DIAL [2], JJ.

## OPINION

SPURLOCK, Justice (Retired).

Appellant, Steven Truitt Elwell, appeals his conviction for the offense of driving while intoxicated (DWI). . Trial on guilt or innocence was to a jury. The court assessed punishment at ninety days' confinement in the Dallas County Jail, probated for twenty-four months and a $500 fine. In a single point of error, appellant complains that the trial court failed to suppress certain evidence obtained after his arrest. He argues the evidence was inadmissible because the question of probable cause for the State to stop his vehicle had been determined adversely to the State in a prior driver's license suspension hearing. He argues that the jeopardy provisions of both the Texas and the United States Constitutions forbade relitigation of the issue of probable cause to arrest. He concedes there is no double-jeopardy question about the right of the State to try him for the DWI but maintains that the question of suppression of the evidence was determined by a prior holding in a different county court which concluded that there was no probable cause to arrest him.

The State counters that appellant has waived any collateral estoppel/double jeopardy complaint by his failure to object on that basis at trial and by his failure to otherwise separately brief the State constitutional claim on appeal. The State maintains that the trial court did not commit error in denying appellant's special plea of double jeopardy. We agree, overrule the point of error, and affirm.

In his point of error, appellant argues that the double jeopardy provisions of both the United States and Texas Constitutions forbid the relitigation of the issue of probable cause to arrest as that issue was decided adversely to the State in a civil drivers' license suspension hearing. The State counters that there was no Department of Public Safety officer appearing at the underlying drivers' license suspension hearing and there was no statement of facts in the record of any such hearing introduced at the trial of the case on

---

**1.** The Honorable Joe Spurlock II, Justice, Court of Appeals, Second District of Texas at Fort Worth, Retired, sitting by assignment.

**2.** The Honorable Preston H. Dial, Jr., Justice, Court of Appeals, Fourth District of Texas at San Antonio, Retired, sitting by assignment.

appeal. Further, the State argues that any error has been waived because the record does not reflect that the drivers-license suspension judgment was admitted into evidence or judicially noticed by the trial court as required in order to support appellant's claim in the DWI trial. *State v. Groves*, 837 S.W.2d 103, 105–106 (Tex.Crim.App.1992). The State concludes the point of error is without merit. We agree with the State.

In *Groves*, the question before the court of criminal appeals was what conclusion could be drawn from a record that is not complete in accordance with evidentiary requirements. The court noted that special pleas, i.e., special defenses, constitute pleadings only and do not establish as true the issues of fact alleged therein, even if they are sworn. *Groves*, 837 S.W.2d at 106. Further, appellate courts should defer to a trial court's factual findings when those findings are supported by the record. In particular, the court observed that collateral estoppel, a special defense, precludes the relitigating of an ultimate fact issue which has already been litigated. *See id.* In *Groves*, there was nothing in the record to indicate that the issue of probable cause to arrest the appellee had been previously litigated as there was nothing to indicate that the justice court, at a previous hearing, had concluded that there was an absence of such probable cause. *Id.*

■ In our case, while there is attached to the *appellate brief*, an appendix A that purports to be the recitation of a county court judgment signed on November 14, 1990, finding that probable cause did not exist for the arrest of the *plaintiff for the offense of DWI* on March 18, 1989, there is no showing in the record that this judgment was ever brought to the attention of the trial court in any *proper form.* A copy of the judgment was attached to appellant's pleadings in the trial court in his motion to suppress, but there is nothing in the record to indicate that the drivers' license suspension judgment was ever admitted into evidence or judicially noticed by the trial court. Appellant has urged this Court to take judicial notice of that judgment under Texas Rules of Criminal Evidence 201. This we decline to do.

■ Appellant did not properly introduce the judgment at trial, and we note that we cannot take judicial notice of the records of any court not properly admitted into evidence before the trial court, even though the records might be attached to a defendant's brief. *Penix v. State*, 748 S.W.2d 629, 630–31 (Tex.App.—Fort Worth 1988, no pet.). Appellant has therefore failed to provide a record that shows he met his burden of proof that jeopardy attached to the question of no probable cause to arrest in a prior trial.

In the case of *Berrios–Torres v. State*, 802 S.W.2d 91, 96 (Tex.App.—Austin 1990, no pet.), Judge Onion, writing for the court, observed that pleadings in a case do not prove themselves and that statements of counsel are not evidence. Moreover, assertions in a brief not supported by evidence in the record will not be considered on appeal. *Id.* Judge Onion further noted that although state statutes and procedural rules cannot be used to bar the assertion of a federal constitutional right such as double jeopardy, that right itself being of constitutional dimension does not always justify disregarding state procedural rules, especially where the enforcement of the rules would serve a legitimate state purpose. *Id.* Judge Onion concluded that the requirement that the defendant present evidence in support of his allegations of double jeopardy serves a legitimate state interest. *Id.* These observations are very appropriate to this case on appeal.

■ As did the appellant in *Berrios–Torres*, appellant herein failed at the trial to make a record sufficient to carry his burden of proof on his plea. He did not introduce any evidence of the prior holding in its proper form before the trial court. There was no proof in the court that the question of probable cause for his arrest in the underlying cause had been carefully considered in an adversarial hearing by another court at a time prior to the trial of this case or that the court conducting that hearing, if any, had jurisdiction over the question and entered a proper judgment in accordance with the rules of evidence. In short, he cannot simply ask *us to notice or claim* on appeal that the question had been previously litigated when he *failed to litigate* the issue at trial or

establish the fact that there was *no further need* for litigation. He must have established by a preponderance of the evidence that it had been done either at the hearing on his motion to suppress or in connection with his plea of double jeopardy at trial.

Because we find that appellant failed to properly support his motion to suppress evidence in the trial court below, we hold that his attorney's arguments at trial regarding an uncertified copy of a judgment from another court were insufficient evidence to forbid the trial court from litigating the question of probable cause for his arrest. Therefore, the trial court was not precluded from allowing introduction of the evidence seized as a result of the arrest and committed no error in overruling appellant's objections to its admission on the grounds raised. His attorney's arguments on appeal are likewise not well made.

The point of error is overruled. The case is affirmed.