TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-95-00124-CR







Ex Parte: Darrial Gene Thomas, Appellant








FROM THE DISTRICT COURT OF BASTROP COUNTY, 21ST JUDICIAL DISTRICT


NO. 8220-A, HONORABLE JOHN L. PLACKE, JUDGE PRESIDING







PER CURIAM


 By application for writ of habeas corpus, appellant sought the dismissal on double
jeopardy grounds of the aggravated assault indictment pending against him in the above numbered
cause. Ex parte Robinson, 641 S.W.2d 552, 555 (Tex. Crim. App. 1982). After a hearing, the
relief sought was denied. This appeal followed. Tex. R. App. P. 44. 

 The pending indictment alleges that appellant, on or about March 1, 1994:



intentionally and knowingly threaten[ed] KEVIN THOMAS with a deadly weapon,
to-wit: motor vehicle, by steering a vehicle driven by the said defendant into a
vehicle driven by KEVIN THOMAS and that in the manner of its use and intended
use could cause death or serious bodily injury, and the said KEVIN THOMAS was
then and there a peace office in the lawful discharge of an official duty, to-wit:
Elgin Police Officer, and the said defendant had been informed and knew KEVIN
THOMAS was a peace officer.



Act of May 22, 1991, 72d Leg., R.S., ch. 334, § 2, 1991 Tex. Gen. Laws 1380, 1381 (Tex.
Penal Code Ann. § 22.02(a)(2), since amended). Appellant contends that trial of this indictment
is barred by the judgment of the Bastrop County Court at Law in cause number 94-2840, styled
Texas Department of Public Safety v. Darrial Gene Thomas. Cause number 94-2840 was an
appeal de novo from an order of the department suspending appellant's driver's license and
vehicle registration pursuant to the Safety Responsibility Law. Tex. Rev. Civ. Stat. Ann. art.
6701h, § 5 (West Supp. 1995). The county court at law's judgment states:



The Court hereby finds that Respondent suspended Petitioner's driver's license
based on an incorrect assumption that damage to an automobile caused by an
accident that occurred on March 1, 1994, in Elgin, Bastrop County was caused by
and the responsibility of Petitioner. The court also finds that there was insufficient
evidence for Respondent to support such an assumption and thus Petitioner is not
responsible for the damage to the vehicle.



The parties agree that the vehicular assault alleged in the pending indictment is the incident on
which the previous license suspension proceeding was based. 

 Appellant relies on the collateral estoppel component of the guarantee against
double jeopardy. Ashe v. Swenson, 397 U.S. 436, 445-46 (1970). Under the collateral estoppel
rule, an issue of ultimate fact that has once been determined by a valid and final judgment cannot
again be litigated between the same parties in a subsequent lawsuit. Id. at 443.

 Collateral estoppel cannot be based on a prior nonadversarial administrative
proceeding. State v. Brabson, No. 5-93-1767-CR (Tex. App.--Dallas 1995, no pet. hist.); Walton,
831 S.W.2d at 490. An administrative proceeding will give rise to collateral estoppel if the trier
of fact was acting in a judicial capacity and resolved a disputed fact issue after a full hearing at
which both parties were represented by counsel. Ex parte Tarver, 725 S.W.2d 195, 199 (Tex.
Crim. App. 1986); Walton, 831 S.W.2d at 490. The record before us is sparse with regard to the
license suspension proceeding, containing only a copy of the department's suspension order and
the later judgment of the county court at law setting aside the suspension. The record does not
demonstrate that appellant's de novo appeal of the suspension order involved a full hearing before
the county court at law at which both the State and appellant were represented by counsel. On
this record, it does not appear that the county court at law was acting in its judicial capacity when
it made the fact finding on which appellant now bases his collateral estoppel claim. 

 A defendant who asserts collateral estoppel bears the burden of demonstrating that
the trier of fact in the first proceeding necessarily grounded its verdict on the issue that the
defendant seeks to foreclose from relitigation. Ladner v. State, 780 S.W.2d 247, 254 (Tex. Crim.
App. 1989). Even if we assume collateral estoppel can arise from a license suspension proceeding
under the Safety Responsibility Law, appellant did not demonstrate at the hearing below that the
county court resolved in his favor the issue he now seeks to foreclose from relitigation. The issue
in the license suspension proceeding was whether there was a reasonable probability of a judgment
of $1000 or more being rendered against appellant as a result of the collision. Art. 6701h, § 5(b). 
The issue raised by the pending indictment, on the other hand, is whether appellant intentionally
or knowingly threatened the officer with a deadly weapon. See Neaves v. State, 767 S.W.2d 784,
787 (Tex. Crim. App. 1989); Walton v. State, 831 S.W.2d 488, 490 (Tex. App.--Houston [14th
Dist.] 1992, no pet.) (issues of ultimate fact in license suspension proceeding pursuant to implied
consent law are different from those in prosecution for driving while intoxicated).

 Appellant contends the county court at law determined that appellant did not
intentionally or knowingly collide with the vehicle driven by the police officer. But a license
suspension pursuant to article 6701h, section 5 is a civil proceeding that does not require a finding
of a criminal culpable mental state. The judgment of the county court at law states only that there
was insufficient evidence to support the "assumption" that appellant was responsible for the
damage to the other vehicle. Whatever the county court at law meant by this, the judgment does
not reflect a finding that appellant was not acting with criminal intent or guilty knowledge when
he drove his vehicle into the officer's vehicle. 

 The order of the district court denying relief on appellant's application for writ of
habeas corpus is affirmed.


Before Justices Powers, Kidd and B. A. Smith

Affirmed

Filed: June 21, 1995

Do Not Publish