**Ex Parte Robert Lee VASQUEZ.**

**No. 2–95–377–CR.**

Court of Appeals of Texas,
Fort Worth.

March 7, 1996.

From County Criminal Court No. 4 of Tarrant County; Wallace Bowman, Judge.

J.R. Molina, Fort Worth, for Appellant.

Tim Curry, Criminal District Attorney, Betty Marshall, Charles Mallin, Assts., Chief Appellate Sec., Debra Ann Windsor, Richard Alpert, Asst. Crim. Dist. Attys., Fort Worth, for Appellee.

Before LIVINGSTON, DAUPHINOT and BRIGHAM, JJ.

## OPINION

DAUPHINOT, Justice.

Appellant Robert Lee Vasquez was arrested for driving while intoxicated on April 5, 1994 and a misdemeanor information was filed three days later. At the time of the arrest, Vasquez refused the officer's request to submit to a breath test. At an administrative hearing on August 3, 1994, Vasquez's driver's license was suspended for ninety days, probated for twelve months, under article 6701*l*–5, section 2 of the Texas Revised Civil Statutes for his refusal to submit to the breath test.[1]

Vasquez then filed an application for a writ of habeas corpus in Tarrant County's Criminal Court No. 4 where the charge of driving while intoxicated was still pending, requesting that the court dismiss the information. Vasquez asserted that because his driver's license had already been suspended under article 6701*l*–5 for his refusal to submit to a breath test that a further prosecution for driving while intoxicated would violate the

---

1. TEX.REV.CIV.STAT.ANN. art. 6701*l*–5, § 2 (Vernon Supp.1995) (now codified at TEX.TRANSP.CODE ANN. § 724 (Vernon Pamph.1996)).

protection found in the Double Jeopardy Clauses of the Fifth Amendment of the United States Constitution and article I, section 14 of the Texas Constitution.[2] At the habeas hearing, the trial court denied Vasquez's requested relief and he now brings in two points of error, one based on the United States Constitution and the other based on the State Constitution, the same contention before this court. Because we find that the suspension under article 6701*l*–5 and the subsequent prosecution for driving while intoxicated are not the "same offense" for double jeopardy purposes, we overrule the points of error and affirm the trial court's judgment.

■ The Double Jeopardy Clauses of the United States Constitution and the Texas Constitution protect against three distinct abuses: (1) a second prosecution for the same offense after acquittal; (2) a second prosecution for the same offense after conviction; and (3) multiple punishments for the same offense.[3] Vasquez's claim is based on the "multiple punishments" prong of the double jeopardy protections, essentially asserting that he is being subjected to two punishments for the "same offense." The Texas Constitution does not offer Vasquez any additional protection and, thus, we will analyze Vasquez's claims together.[4]

■ In 1993, the United States Supreme Court re-established the *Blockburger* "same elements" test[5] as the proper criteria for analyzing double jeopardy and the sameness of offenses.[6] The "same elements" test involves determining whether each statutory provision under which a defendant would be prosecuted requires proof of a fact which the other does not.[7] Under the "same elements" test, two statutes define *different* offenses when "each provision requires proof of an additional fact which the other does not."[8] The Court of Criminal Appeals has interpreted *Dixon* as requiring that the jeopardy analysis focus on the charging instrument and not on the penal statute.[9]

■ At the habeas hearing, the State conceded that the offenses contain the same elements when the *Blockburger* test is applied. But on appeal, the State re-evaluated its position and concluded that the offenses do not contain the same elements. We agree.

In the State's "Petition for Administrative Hearing" the following elements were set out as constituting the offense under article 6701*l*–5: (1) defendant was issued a driver's license; (2) defendant was placed under arrest on or about April 5, 1994; (3) probable cause existed that defendant was driving or in actual physical control of a motor vehicle in a public place in this state while intoxicated; (4) defendant was placed under arrest by an officer and was offered an opportunity to give a specimen of breath; (5) defendant refused to give such specimen. upon the request of the officer.

Meanwhile, the misdemeanor information for driving while intoxicated filed against

2. The Federal and State Double Jeopardy Clauses read:

[N]or shall any person be subject for the same offense to be twice put in jeopardy of life or limb; ...
U.S. CONST. amend. V.
No person, for the same offense, shall be twice put in jeopardy of life or liberty, nor shall a person be again put upon trial for the same offense, after a verdict of not guilty in a court of competent jurisdiction.
TEX. CONST., art. I, § 14.

3. *North Carolina v. Pearce*, 395 U.S. 711, 717, 89 S.Ct. 2072, 2076, 23 L.Ed.2d 656, 664–65 (1969).

4. *Parrish v. State*, 889 S.W.2d 658, 661–62 (Tex. App.—Houston [14th Dist.] 1994, pet ref'd). The Court of Criminal Appeals has recently interpreted the Texas Constitution's double jeopardy protection to be greater than its federal counterpart with regard to mistrials provoked by the prosecution. *See Bauder v. State*, No. 1058–94, —— S.W.2d —— [1995 WL 713030] (Tex.Crim.App. December 6, 1995) (not yet designated for publication). However, no argument is made by Vasquez that this same extension should be applied to double jeopardy "multiple punishment" cases.

5. *Blockburger v. United States*, 284 U.S. 299, 304, 52 S.Ct. 180, 182, 76 L.Ed. 306, 309 (1932).

6. *United States v. Dixon*, 509 U.S. 688, ——, 113 S.Ct. 2849, 2856, 125 L.Ed.2d 556, 573 (1993); *see also Parrish v. State*, 869 S.W.2d 352, 354 (Tex.Crim.App.1994).

7. *Blockburger*, 284 U.S. at 304, 52 S.Ct. at 182, 76 L.Ed. at 309.

8. *Id.*

9. *Parrish*, 869 S.W.2d at 354.

Vasquez alleged the following elements: (1) defendant did drive and operate a motor vehicle; (2) in a public place; (3) while intoxicated by not having the normal use of his mental and physical faculties by reason of the introduction of alcohol into his body.

These offenses do not pass the *Blockburger* "same elements" test. The administrative license suspension under article 6701*l*–5 requires that Vasquez have an opportunity to, yet refuse to, submit to a breath test. The prosecution for driving while intoxicated does not require either of those elements. Conversely, to prove up the elements of driving while intoxicated as charged in the information, the State must prove that Vasquez was actually intoxicated by not having normal use of his mental and physical faculties. This element does not have to be established for the administrative license suspension under article 6701*l*–5. Instead, the administrative license suspension merely requires that probable cause existed to believe that Vasquez was driving while intoxicated. Because an actual finding of intoxication is different from a determination that an officer in the field had probable cause to believe initially that the defendant was driving while intoxicated, these are not the same elements.[10]

Therefore, we need not go any further. A subsequent prosecution for driving while intoxicated following an administrative license suspension under article 6701*l*–5 for refusing to submit to a breath test does not violate the protection against double jeopardy found in the Fifth Amendment of the United States Constitution and article I, section 14 of the Texas Constitution.[11] Consequently, Vasquez's points of error one and two are overruled and we affirm the trial court's denial of the habeas corpus relief sought by Vasquez.

---

**10.** *See Neaves v. State,* 767 S.W.2d 784, 787 (Tex. Crim.App.1989) (holding that negative findings on the issue of probable cause at a license suspension hearing did not collaterally estop the State from later prosecuting for driving while intoxicated.)

**11.** The Houston Court of Appeals (1st District) recently made a similar holding in *Johnson v. State,* 920 S.W.2d 692 (Tex.App.—Houston [1st Dist.] 1996, n.w.h.).