**Ex parte Cylinda Whitfield McFALL.**

No. 2–96–314–CR.

Court of Appeals of Texas, Fort Worth.

Feb. 20, 1997.

J.R. Molina, Fort Worth, for appellant.

Tim Curry, Criminal District Attorney, Charles M. Mallin, Debra Ann Windsor, Susan Kwon and Bret Helmer, Assistant Criminal District Attorneys, Fort Worth, for appellee.

Before DAY, LIVINGSTON and RICHARDS, JJ.

## OPINION

DAY, Justice.

Appellant Cylinda Whitfield McFall is awaiting trial in County Criminal Court No. 2 of Tarrant County, Texas on a misdemeanor information charging her with driving while intoxicated (DWI). TEX.PENAL CODE ANN. § 49.04(a) (Vernon Supp.1997). McFall filed a pretrial application for writ of habeas corpus, in which she alleged: (1) that the double jeopardy protections of the federal and state constitutions bar her trial; and (2) that her trial is barred by the doctrine of collateral estoppel. After a hearing, the trial court denied the requested relief. In three points of error, McFall contends the trial court improperly denied her application. We affirm.

On November 4, 1995, McFall was arrested in Tarrant County, Texas for DWI. At the time of the arrest, McFall was asked to submit to a breath test, but she refused. Thereafter, she was charged with DWI. In addition, because McFall refused to submit to a breath test, the Texas Department of Public Safety (DPS) notified her that her license would be suspended. *See* TEX. TRANSP.CODE ANN. §§ 724.032–.033 (Vernon Pamph.1997). McFall requested a hearing on this matter, which was held on January 3, 1996. *See id.* § 724.041. At the hearing, the administrative law judge found that DPS did not prove by a preponderance of the evidence that reasonable suspicion to stop McFall existed and denied DPS's petition to suspend McFall's driver's license.

On June 17, 1996, McFall filed her first amended application for writ of habeas corpus. In the application, McFall asserted she had been acquitted when her license was not suspended, and that a subsequent prosecution for DWI was barred by double jeopardy and collateral estoppel. Accordingly, McFall asked the trial court to dismiss the information. The trial court denied habeas relief, and McFall appealed.

In points of error one and two, McFall asserts that her DWI trial will result in a second prosecution after an acquittal, in violation of the double jeopardy protections of the federal and state constitutions.

■ The double jeopardy clauses of the United States Constitution and the Texas Constitution protect against three abuses: (1) a second prosecution for the same offense after acquittal; (2) a second prosecution for the same offense after conviction; and (3) multiple punishments for the same offense. *North Carolina v. Pearce,* 395 U.S. 711, 717, 89 S.Ct. 2072, 2076, 23 L.Ed.2d 656, 664–65 (1969); *Ex parte Vasquez,* 918 S.W.2d 73, 74 (Tex.App.—Fort Worth 1996, pet. ref'd). In determining whether two statutes constitute the same offense for double jeopardy purposes, we rely on the "same elements" test enunciated in *Blockburger v. United States,* 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932). The same elements test involves determining whether each statutory provision under which a defendant would be prosecuted requires proof of a fact that the other does not. *Id.* at 304, 52 S.Ct. at 182, 76 L.Ed. at 309. Also under this test, two statutes define different offenses when "each provision requires proof of an additional fact which the other does not." *Id.* When applying the same elements test, our double jeopardy analysis must focus on the elements alleged in the charging instrument and not merely on the penal statute. *Parrish v. State,* 869 S.W.2d 352, 354 (Tex.Crim.App. 1994) (citing *United States v. Dixon,* 509 U.S. 688, 696, 113 S.Ct. 2849, 2856, 125 L.Ed.2d 556, 573 (1993)).

■ In this case, the DPS's notice of the license suspension hearing alleged that, on or about November 4, 1995:

- there existed reasonable suspicion to stop McFall or probable cause to arrest her;
- probable cause existed that McFall was driving or in actual physical control of a motor vehicle in a public place while intoxicated;
- McFall was placed under arrest and was offered an opportunity to give a specimen of breath or blood under the provisions of TEX.TRANSP.CODE ANN. ch. 724; and
- McFall refused the officer's request to give a specimen.

The information in the DWI proceeding alleges that, on or about November 4, 1995:

- McFall operated a motor vehicle in a public place;
- while she was intoxicated by not having the normal use of her mental and physical faculties by reason of the introduction of alcohol into her body.

McFall contends the statute governing the administrative license suspension proceeding for refusal to take a breath test and the DWI statute constitute the "same offense" for double jeopardy purposes. We have previously held that the elements of these two statutes, as alleged by the DPS and the State, do not constitute the same offense for double jeopardy purposes. *Vasquez,* 918 S.W.2d at 74–75. Thus, a DWI prosecution following the license suspension hearing at which McFall's driver's license was not suspended will not violate the federal and state constitutional protections against double jeopardy. *Id.* at 75. We overrule McFall's first two points of error.

In point of error three, McFall contends the DWI trial is barred by the collateral estoppel doctrine because the trial will merely "constitute[ ] a relitigation of identical issues already adjudicated" in the license suspension hearing.

The Texas Legislature has expressly provided, however, that an administrative law judge's findings at a suspension hearing arising out of a person's refusal to take a breath test will not bar a subsequent prosecution for DWI. The Texas Transportation Code provides:

(a) The determination of the department or administrative law judge:

(1) is a civil matter;

(2) is independent of and is not an estoppel as to any matter in issue in an adjudication of a criminal charge arising from the occurrence that is the basis for the suspension or denial; and

(3) does not preclude litigation of the same or similar facts in a criminal prosecution.

TEX.TRANSP.CODE ANN. § 724.048(a) (Vernon Pamph.1997).

Texas case law also precludes application of collateral estoppel in this case. The Court of Criminal Appeals has held that a negative finding regarding probable cause to arrest at a license suspension hearing will not bar a subsequent prosecution for DWI. *See Neaves v. State,* 767 S.W.2d 784, 787 (Tex.Crim.App. 1989) (holding that "[a] jury finding at trial that an accused was driving while intoxicated can 'be had ... without contradicting the former determination'" that police did not have probable cause to arrest); *accord State v. Groves,* 807 S.W.2d 775, 775–76 (Tex. App.—Houston [14th Dist.] 1991), *aff'd,* 837 S.W.2d 103 (Tex.Crim.App.1992); *State v. Newton,* 780 S.W.2d 957, 958–59 (Tex.App.— Fort Worth 1989, no pet.). We believe this legal principle is equally applicable to a DWI prosecution following an administrative law judge's finding that the arresting officer lacked reasonable suspicion to make the traffic stop.

Because both Texas statutory and case law preclude application of collateral estoppel in this case, we overrule McFall's third point of error.

We affirm the trial court's denial of habeas corpus relief.