# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

NO. 03-02-00667-CV

In the Matter of J. H.

FROM THE DISTRICT COURT OF TOM GREEN COUNTY, 391ST JUDICIAL DISTRICT
NO. B-01-0056-J, HONORABLE TOM GOSSETT, JUDGE PRESIDING

# M E M O R A N D U M   O P I N I O N

J.H. appeals from the order committing him to the Texas Youth Commission ("TYC"). J.H. does not dispute the adjudication that he engaged in delinquent conduct when committing the misdemeanor offenses of two burglaries of a vehicle and one escape. He complains that the trial court abused its discretion by committing him to TYC without any evidence of the requisite previous adjudications and without making any specific findings concerning previous adjudications. We will affirm the commitment order.

After a delinquency determination, courts have broad discretion in determining the disposition of the juvenile. *In re C.J.H.*, 79 S.W.3d 698, 702 (Tex. App.—Fort Worth 2002, no pet.). The court must make several findings when sending a juvenile to TYC. *See* Tex. Fam. Code

Ann. § 54.04 (West 2002). J.H. complains that the court failed to make the necessary findings described by the following subsections:

(d) . . . .

    (2)  if the court or jury found at the conclusion of the adjudication hearing that the child engaged in delinquent conduct that violates a penal law of this state or the United States of the grade of felony or, if the requirements of Subsection (s) or (t) are met, of the grade of misdemeanor, and if the petition was not approved by the grand jury under Section 53.045, the court may commit the child to the Texas Youth Commission without a determinate sentence;

. . . .

(s)  The court may make a disposition under Subsection (d)(2) for delinquent conduct that violates a penal law of the grade of misdemeanor if:

    (1)  the child has been adjudicated as having engaged in delinquent conduct violating a penal law of the grade of misdemeanor on at least two previous occasions;

    (2)  of the previous adjudications, the conduct that was the basis for one of the adjudications occurred after the date of another previous adjudication; and

    (3)  the conduct that is the basis of the current adjudication occurred after the date of at least two previous adjudications.

(t)  The court may make a disposition under Subsection (d)(2) for delinquent conduct that violates a penal law of the grade of misdemeanor if:

    (1)  the child has been adjudicated as having engaged in delinquent conduct violating a penal law of the grade of felony on at least one previous occasion; and

    (2)  the conduct that is the basis of the current adjudication occurred after the date of that previous adjudication.

Tex. Fam. Code Ann. § 54.04.

J.H. accurately notes that the court does not state in its commitment order that J.H. was previously adjudicated of committing a felony or two misdemeanors. But we find no requirement for an express finding regarding previous adjudications. *See id*. The statute mandates only that the requirement of previous adjudications "be met." *See id*. § 54.04(d). The court states that J.H. "committed numerous delinquent acts in spite of being on formal probation." Probation indicates previous delinquency. In committing J.H. to TYC, the court implicitly found that J.H. had the requisite juvenile record.

To evaluate the sufficiency of the evidence to support that implicit finding, we use the standards of review for criminal cases. *See C.J.H.*, 79 S.W.3d at 702-03; *In re C.C.*, 13 S.W.3d 854, 858 (Tex. App.—Austin 2000, no pet.). When reviewing legal sufficiency, we view the evidence in the light most favorable to the finding and determine whether any rational trier of fact could have found the elements of the requirement proven beyond a reasonable doubt. *See C.C.*, 13 S.W.3d at 858. When reviewing factual sufficiency, we determine whether a neutral review of all the evidence demonstrates that the proof of guilt is so obviously weak as to undermine confidence in the jury's determination, or the proof of guilt, although adequate if taken alone, is greatly outweighed by contrary proof. *See Zuliani v. State*, 97 S.W.3d 589, 594 (Tex. Crim. App. 2003).

J.H. argues that the prior adjudication is not in the appellate record properly before us. The clerk's record contains the adjudication of J.H. of a series of criminal mischief offenses on January 27, 2001 that caused total damages of between $1,500 and $20,000—the range that describes a state jail felony. *See* Tex. Penal Code Ann. § 28.03 (West 2003). The adjudication, signed May 9, 2001, states that the hearing and pronouncement occurred on April 26, 2001. J.H. argues,

3

however, that there is no evidence of his prior adjudications in the record because the trial court neither admitted the prior adjudication order into evidence nor took judicial notice of it. J.H. asserts that we cannot take judicial notice of records of any court not properly admitted into evidence before the trial court. *See Elwell v. State*, 872 S.W.2d 797, 799 (Tex. App.—Dallas 1994, no pet.).[1]

We need not determine whether the court must expressly take judicial notice of its own file in this case because there is evidence aside from the May 9 adjudication order that J.H. has the requisite previous adjudications. The trial court took judicial notice of a probation modification summary and a psychological report that are in the clerk's record. The modification summary listed a prior offense of "State Jail Felony Credit Card Abuse," a January 2001 offense for which J.H. was placed on "Formal Probation" on April 26, 2001.[2] The psychological report refers to numerous

[1] For an appellate court to consider records from other cases when reviewing a judgment, the trial court whose judgment is under review must have taken judicial notice of the records from the other case. *Elwell v. State*, 872 S.W.2d 797, 799 (Tex. App.—Dallas 1994, no pet.). Because the trial court considering a charge of driving while intoxicated did not take judicial notice of the record from a driver's license suspension civil suit that was attached to a document filed in the DWI trial, the appellate court could not consider the license-suspension document in the appeal from the DWI conviction. *Id.* It is not clear that the *Elwell* rule controls cases in which the order in question is an order filed in the same cause number. *See Bob Smith Bail Bonds, Sur. v. State*, 963 S.W.2d 555, 555-56 (Tex. App.—Fort Worth 1998, no pet.) (court assumed to have taken judicial notice of own file); *see also Escamilla v. Estate of Escamilla*, 921 S.W.2d 723, 725 (Tex. App.—Corpus Christi 1996, writ denied).

[2] J.H. asserts that the report of the credit-card felony is erroneous hearsay. We find no challenge to the admission of this report in the record of the trial. The record shows that J.H. did not commit a credit-card felony only through documents in the clerk's record that show he instead committed the aggregated criminal mischief felony, which J.H. asserts are not properly before us. Either way, the record shows J.H. was adjudicated of a felony before he committed the instant misdemeanors.

4

charges of criminal mischief for which he was placed on probation, but it does not specify that the charges amounted to a felony. The court admonished J.H. that

> on April the 26th of 2001, you were adjudicated delinquent. There were several counts of criminal mischief, which the District Attorney is correct, were aggregated into a felony; nine counts of criminal mischief, which was aggregated into a state jail felony. There was one count of Class B theft. So because of that prior adjudication of a state jail felony, even if I adjudicate you only for the escape, that still could result in you going to—being committed to the Texas Youth Commission for a period not to exceed your twenty-first birthday.

J.H. stated that he understood the effect that the former felony had in combination with an adjudication of delinquency in this case. Becky Harris, director of the Roy K. Robb Post Adjudication Facility, affirmed that she was aware that J.H. had a "former felony adjudication for a series of misdemeanor criminal mischiefs whose amount of damage exceeded the misdemeanor amount." In the April 2002 hearing, J.H. acknowledged that he was the same person "who was adjudicated of felony criminal mischief last April." The adjudication recites that the instant misdemeanor offenses occurred in April 2002. J.H. even states in his appellate brief, "Appellant does not argue that he has never before been adjudicated of a felony level offense . . . ."

The only evidence is that J.H. committed a felony offense and was adjudicated delinquent for that conduct before he committed the instant misdemeanor offenses. There is no contrary evidence. There is thus legally and factually sufficient evidence to support the implicit finding that J.H. was adjudicated delinquent for committing the requisite previous offense. The court made all the findings necessary to commit J.H. to TYC for an indeterminate sentence. *See* Tex. Fam. Code Ann. § 54.04. We find no abuse of discretion.

5

We affirm the commitment order.

_____

David Puryear, Justice

Before Chief Justice Law, Justices B. A. Smith and Puryear

Affirmed

Filed:   June 19, 2003