NUMBER 13-03-105-CR

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI - EDINBURG
___________________________________________________________________

THE STATE OF TEXAS,                                                     Appellant,

v.

ROBERT GODWIN,                                                             Appellee.
___________________________________________________________________

On appeal from the 36th District Court
of San Patricio County, Texas.
__________________________________________________________________

MEMORANDUM OPINION

Before Chief Justice Valdez and Justices Rodriguez and Garza
Memorandum Opinion by Justice Rodriguez

         The State of Texas appeals from the trial court’s decision to suppress appellee
Robert Godwin’s statement. By one issue, the State contends that the trial court erred
in suppressing a statement based on violations of appellee’s right to remain silent. We
affirm. 
 
I. FACTS
         As this is a memorandum opinion and the parties are familiar with the facts, we
will not recite them here except as necessary to advise the parties of the Court's
decision and the basic reasons for it. See Tex. R. App. P. 47.4.
II. STANDARD OF REVIEW
         The standards of appellate review for motions to suppress are set forth in
Guzman v. State, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997). The appropriate
standard of review depends on the exact issues presented. Guzman recognizes three
different categories and provides the appropriate standard of review for each. Id. In
category one, where the issue presented involves the trial court's determination of
historical facts supported by the record, especially those in which the fact findings are
based on an evaluation of credibility and demeanor, the appellate court should afford
almost total deference to the trial court's determination. Id. In category two, where
the issue presented involves the trial court's rulings on “application of law to fact
questions,” also known as “mixed questions of law and fact,” and where the
resolution of those ultimate questions turns on an evaluation of credibility and
demeanor, the appellate court should again afford almost total deference to the trial
court's rulings. Id. In category three, where the issue presented involves “mixed
questions of law and fact” which do not fall into the second category, that is, do not
turn on an evaluation of credibility and demeanor, then de novo review is appropriate. 
Id. However, the reviewing court should still afford deference to the trial court on the
subsidiary factual questions which fall into the first category. Id. When the evidence
is controverted, the appellate court should give almost total deference to the trial
court's determination of historical facts but should review de novo the application of
the law to those facts. Id. at 89. 
         The determination of whether a statement is voluntary, which is the issue in this
case, is a mixed question of law and fact which turns on the credibility of the
witnesses and therefore falls within category two. Garcia v. State, 15 S.W.3d 533,
535 (Tex. Crim. App. 2000). Accordingly, the trial court’s determination should be
granted almost total deference on appeal. Id. 
III. TRIAL COURT’S FINDINGS
         In Terrazas v. State, the Texas Court of Criminal Appeals noted that, according
to Texas Code of Criminal Procedure article 38.22, section 6, a trial court is required
to enter an order containing findings of fact and conclusions of law only if it decides
that the statement is voluntarily made. Terrazas v. State, 4 S.W.3d 720, 727 (Tex.
Crim. App. 1999). When a trial court fails to file findings of fact, appellate courts
view the evidence in the light most favorable to the trial court’s ruling and assume that
the trial court made implicit findings of fact that support its ruling, as long as those
findings are supported by the record. State v. Ross, 32 S.W.3d 853, 855 (Tex. Crim.
App. 2000). If a non-prevailing party wishes to avoid the effects of these
presumptions, then it should get the rationale behind the trial court’s ruling on the
record through either a verbal explanation at the hearing or express findings of fact and
conclusions of law. Id. at 858. When a trial court clearly intends oral
pronouncements to be an expression of its findings of fact and conclusions of law,
they should be considered as such by the court of appeals. See, e.g., Pena v. State,
61 S.W.3d 745, 752-53 (Tex. App.–Corpus Christi 2001, no pet.) (citing State v.
Groves, 837 S.W.2d 103, 105 n.5 (Tex. Crim. App. 1992) (where trial court clearly
intended oral pronouncements to be expression of his findings of facts and conclusion
of law, they were reviewed by appellate court as such)). 
         Although the trial court did not file written findings of facts and conclusions of
law, the court’s verbal findings and conclusions at the hearing are clear. The court
found that (1) appellee invoked his right to remain silent, (2) appellee was repeatedly
taken before Investigator Segovia and asked to give a statement when he had already
stated that he wanted to remain silent, and (3) the State did not scrupulously honor
appellee’s assertion of his right to remain silent. 
IV. ANALYSIS
         “[T]he admissibility of statements obtained after the person in custody has
decided to remain silent depends . . . on whether his ‘right to cut off questioning’ was
‘scrupulously honored.’” Maestas v. State, 987 S.W.2d 59, 61 (Tex. Crim. App.
1999). In Maestas, the court of criminal appeals noted five factors from Michigan v.
Mosley, 423 U.S. 96 (1975), which are to be considered in assessing whether a
defendant's assertion of his right to silence was “scrupulously honored:” (1) whether
the suspect was informed of his right to remain silent prior to the initial questioning;
(2) whether the suspect was informed of his right to remain silent prior to the
subsequent questioning; (3) the length of time between initial questioning and
subsequent questioning; (4) whether the subsequent questioning focused on a
different crime; and (5) whether police honored the suspect's initial invocation of the
right to remain silent. Maestas, 987 S.W.2d at 62. “Thus Mosley created an ad hoc
test in which ‘courts must evaluate the facts of each case to determine if the
resumption of police interrogation was consistent with scrupulous observance of the
right to cut off questioning.’“ Id. at 61 (citing United States v. Alvarado-Saldivar, 62
F.3d 697, 699 (5th Cir. 1995)).
         The State asserts a mathematical approach should be taken in evaluating the
factors, arguing that four of the five factors in Maestas fall in its favor. We disagree
with this approach. Maestas sets forth a test that must be applied ad hoc. See id. at
62. The trial court is not required to address each and every factor nor is it prohibited
from taking other factors into consideration. In this case, the trial court evaluated the
facts of the case, weighed the credibility of the witnesses, and held that the
investigator did not scrupulously honor appellee’s invocation of his rights. Because our
review grants almost total deference to the findings of the trial court, see Guzman,
955 S.W.2d at 89, we find that the trial court did not err in suppressing appellee’s
testimony. Appellant’s sole issue is overruled. 
V. CONCLUSION
         Accordingly, the decision of the trial court is affirmed. 

                                                                        NELDA V. RODRIGUEZ
                                                                        Justice

Do not publish.
Tex. R. App. P. 47.2(b).

Memorandum Opinion delivered and filed
this 22nd day of July, 2004.