**Order entered August 28, 2015**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-15-00763-CV

**SPY, INC., DENO SPYROPOULOS, AND GINA SPYROPOULOS, Appellants**

**V.**

**SC LEGACY INDEPENDENCE, LTD. AND WEITZMAN MANAGEMENT CORP.,**
**Appellees**

**On Appeal from the 429th Judicial District Court**
**Collin County, Texas**
**Trial Court Cause No. 429-05080-2013**

## ORDER

The underlying suit in this appeal stems from disputes over a temporary injunction and settlement agreement in a separate suit involving appellants, appellees, and a third party. Arguing certain documents from the separate suit are relevant to the merits of this appeal and will "substantially affect" their brief, appellants have filed a motion to take judicial notice of those pleadings and a motion to extend time to file the brief.

Under Texas Rule of Evidence 201, a court must take judicial notice of adjudicative facts, including another court's records, if requested by a party and supplied with the necessary information. *See* TEX. R. EVID. 201(c),(d); *Freedom Commc'n, Inc. v. Coronado*, 372 S.W.3d 621, 623 (Tex. 2012) (per curiam). However, an appellate court generally takes judicial notice

of facts outside the record only to determine jurisdiction or resolve matters ancillary to decisions mandated by law. *See SEI Bus. Sys., Inc. v. Bank One Tex., N.A.*, 803 S.W.2d 838, 841 (Tex. App.—Dallas 1991, no writ). An appellate court cannot take judicial notice of records not properly admitted into evidence before the trial court. *See Elwell v. State*, 872 S.W.2d 797, 799 (Tex. App.—Dallas 1994, no pet.); *see also SEI Bus. Sys.,* 803 S.W.2d at 841 (Tex. App.— Dallas 1991, no writ) ("appellate courts are reluctant to take judicial notice of matters which go to the merits of a dispute.").

Appellants seek to have ten documents judicially noticed. Of these ten, the record reflects only three were before the trial court. Those three are the June 12, 2012 temporary injunction order, the August 22, 2012 temporary injunction order, and the November 14, 2014 order granting defendants' traditional and no evidence motion for partial summary judgment. Because those three orders are included in the clerk's record and nothing in the record reflects the other documents were before the trial court, we **DENY** appellants' motion to take judicial notice. *See Elwell*, 872 S.W.2d at 799. We **GRANT** the extension motion to the extent we **ORDER** appellants to file their brief no later than September 14, 2015.

/s/    CRAIG STODDART
JUSTICE