**Ex Parte Jason Scott WARD.**

**No. 13–95–436–CR.**

Court of Appeals of Texas, Corpus Christi.

June 6, 1996.

Carl Estes Clover, Jr., Conner, Cantey & Clover, Sealy, for appellant.

Dayle Bebee Aulds, County Attorney, Lorna Dawn Hensen, Assistant District Attorney, Wharton, for state.

Before FEDERICO G. HINOJOSA, Jr., YAÑEZ and KENNEDY,[1] JJ.

## OPINION

FEDERICO G. HINOJOSA, Jr., Justice.

This is an accelerated appeal from the denial of a writ of habeas corpus. By a single point of error, appellant contends that the operation of Tex.Rev.Civ. Stat. Ann. art. 6687b–1, § 7(b)[2] and Tex. Penal Code Ann. § 49.04[3] offends the "multiple punishments" double jeopardy protection provided by the Fifth Amendment[4] to the United States Constitution and Article I, § 14[5] of the Texas Constitution.

Appellant, Jason Scott Ward, was arrested on February 18, 1995, for the misdemeanor offense of driving while intoxicated (DWI) pursuant to Tex. Penal Code Ann. § 49.04. At the time of his arrest, Ward provided a breath specimen for analysis of alcohol concentration. The analysis reflected an alcohol concentration of more than 0.10 percent.[6]

1. Retired Justice Noah Kennedy, assigned to this Court by the Chief Justice of the Supreme Court of Texas pursuant to Tex. Gov't Code Ann. § 74.003 (Vernon 1988).

2. Article 6687b–1, § 7(b) states, in relevant part, as follows:

The issue at [the administrative] hearing is whether, by a preponderance of the evidence, the person had an alcohol concentration of a level specified in Article 6701l–1(a)(2)(B), Revised Statutes, while driving or in actual physical control of a motor vehicle in a public place, and reasonable suspicion or probable cause existed to stop or arrest the person.

Act of May 29, 1993, 73rd Leg., R.S., ch. 886, § 1, 1993 Tex. Gen. Laws 3518, 3519–20 (repealed 1995)(current version at Tex. Transp. Code Ann. § 524.035 (Vernon 1996)).

3. Section 49.04 provides, in relevant part, as follows:

§ 49.04. Driving While Intoxicated

(a) A person commits an offense if the person is intoxicated while driving or operating a motor vehicle in a public place.

(b) Except as provided by Subsection (c) and Section 49.09, an offense under this section is a Class B misdemeanor, with a minimum term of confinement of 72 hours.

Tex. Penal Code Ann. § 49.04(a),(b) (Vernon 1994).

4. The Fifth Amendment's Double Jeopardy Clause provides, "[Nor] shall any person be subject for the same offense to be twice put in jeopardy of life or limb...." U.S. Const. amend. V.

5. The Texas Constitution's Double Jeopardy Clause provides:

§ 14. Double jeopardy

Sec. 14. No person, for the same offense, shall be twice put in jeopardy of life or liberty, nor shall a person be again put upon trial for the same offense, after a verdict of not guilty in a court of competent jurisdiction.

Tex. Const. art. I, § 14.

6. The maximum legal alcohol concentration for a person driving in a public place is less than 0.10 percent. See Tex. Penal Code Ann. §§ 49.01(2)(b),

Because Ward failed the breath test, he was served with a notice of license suspension in accordance with TEX.REV.CIV. STAT. ANN. art. 6687b–1.[7] Notice that Ward had failed the breath test was then forwarded to the Department of Public Safety ("DPS"). As a result of that notice, the DPS suspended Ward's driver's license for sixty days (from March 31, 1995 to June 1, 1995) pursuant to art. 6687b–1, §§ 3, 5, 6 (now TEX. TRANSP. CODE ANN. §§ 524.011, 524.012, 524.022). Even though entitled to do so, Ward did not request a hearing before an administrative law judge. *See* Art. 6687b–1, § 7 (now TEX. TRANSP. CODE ANN. § 524.031).

On March 6, 1995, Ward was charged with DWI in the County Court of Wharton County. On June 6, 1995, Ward asked the County Court for a writ of habeas corpus. Ward contended that the State's case against him for DWI was barred by the doctrine of double jeopardy. The County Court denied Ward's application for a writ of habeas corpus by written order on September 12, 1995.

 The Double Jeopardy Clause protects against three distinct abuses: 1) a second prosecution for the same offense after acquittal; 2) a second prosecution for the same offense after conviction; and 3) multiple punishments for the same offense. *United ed States v. Halper,* 490 U.S. 435, 439, 109 S.Ct. 1892, 1897, 104 L.Ed.2d 487 (1989). The Texas Constitution, with one exception,[8] has been construed to give no greater protection than the federal constitution in regard to

---

49.04(a) (Vernon 1994 & Supp.1996); Act of May 29, 1993, 73rd Leg., R.S., ch. 886, § 1, 1993 Tex. Gen. Laws 3518, 3519 (repealed 1995)(current version at TEX. TRANSP CODE ANN. § 524.001(1) (Vernon 1996)).

7. TEX.REV.CIV. STAT. ANN. art. 6687b–1 provides, in relevant part, as follows:

**Art. 6687b–1. Suspension Based on Administrative Determination**

Sec. 2. (a) If a person arrested for an offense under Article 6701l–1, Revised Statutes, or Section 19.05(a)(2), Penal Code, submits to the taking of a specimen of breath or blood and an analysis of the specimen shows the person had an alcohol concentration of a level specified in Article 6701l–1(a)(2)(B), Revised Statutes, the arresting officer shall serve notice of driver's license suspension personally on the arrested person.

Sec. 3. (a) A peace officer who arrests a person for an offense under Article 6701l–1, Revised Statutes, or Section 19.05(a)(2), Penal Code, shall, before the end of the fifth business day after the date of the arrest, send the department a sworn report of information relevant to the arrest, if analysis of the specimen showed an alcohol concentration of a level specified in Article 6701l–1(a)(2)(B), Revised Statutes. The report shall identify the arrested person, state the officer's grounds for believing the person committed the offense, give the analysis of the specimen, and include a copy of the criminal complaint filed in the case.

Sec. 5. (a) The department shall suspend the driver's license of a person if it determines that the person had an alcohol concentration of a level specified in Article 6701l–1(a)(2)(B), Revised Statutes, while driving or operating a motor vehicle in a public place.

Sec. 5. (d) The determination of the department is a civil matter, is independent of and is not an estoppel as to any matter in issue in an

adjudication of a criminal charge arising from the occurrence that is the basis for the suspension, and does not preclude litigation of the same or similar facts in a criminal prosecution. Except as provided by this subsection, the disposition of a criminal charge does not affect a driver's license suspension under this article and is not an estoppel as to any matter in issue in a driver's license suspension proceeding under this article. Provided, that if a criminal charge under Article 6701l–1, Revised Statutes, or Section 19.05(a)(2), Penal Code, results in an acquittal, a suspension under this article shall not be imposed. If a suspension under this article has already been imposed, the department shall rescind the suspension and remove references to the suspension from the computerized driving record of the individual.

Act of May 29, 1993, 73rd Leg., R.S., ch. 886, § 1, 1993 Tex. Gen. Laws 3518, 3519–20 (repealed 1995)(current version at TEX. TRANSP. CODE ANN. § 524.001 *et seq.* (Vernon 1996)). Between the time this Article was enacted in 1993 and when it became effective on January 1, 1995, Article 6701l–1, Revised Statutes, was repealed effective September 1, 1994. *See* Act of May 29, 1993, 73rd Leg., R.S., ch. 900, § 1.15, 1993 Tex. Gen. Laws 3589, 3707 (repealing Art. 6701l–1). The historical notes for Article 6701l–1 refer the reader to TEX. PENAL CODE ANN. § 49.01 *et seq.* (Vernon 1994), which became effective on September 1, 1994 and therefore governs this case.

8. The Court of Criminal Appeals recently held that the Double Jeopardy Clause of the Texas Constitution bars further prosecution of a case when the prosecutor's actions deliberately or recklessly cause a mistrial. *Bauder v. State,* 921 S.W.2d 696, 698 (Tex.Crim.App.1996). Under the federal constitution, the prosecutor's actions must be deliberate. *Id.* at 696. This exception is not applicable in the instant case.

double jeopardy. *Stephens v. State*, 806 S.W.2d 812, 815 (Tex.Crim.App.1990). Therefore, our analysis is the same for both provisions. *Id.* Only the third type of abuse is at issue in this appeal——multiple punishments for the same offense.

Ward contends that his license was suspended for the same offense for which he is charged in the DWI case. The State responds that double jeopardy protection is not triggered because a violation of TEX.REV.CIV. STAT. ANN. art. 6687b–1 is not an "offense" for double jeopardy purposes.

■ It is true that art. 6687b–1 does not use the word "offense," and that it only imposes a civil penalty. *See* Art. 6687b–1 § 2 (now TEX. TRANSP. CODE ANN. § 524.011). However, Ward's license was suspended because he was arrested for DWI and his breath alcohol concentration exceeded the legal limit while he was operating a motor vehicle in a public place. *Id.;* TEX. PENAL CODE ANN. §§ 49.01(2)(B), 49.04 (Vernon 1994). If Ward had not been arrested for DWI, the civil sanctions of art. 6687b–1 would not have been triggered, and the DPS could not have suspended his license. Thus, the offense that forms the basis of the license suspension and the DWI prosecution is the same. *See United States v. Dixon*, 509 U.S. 688, 696, 113 S.Ct. 2849, 2856, 125 L.Ed.2d 556 (1993); *Blockburger v. United States*, 284 U.S. 299, 303, 52 S.Ct. 180, 182, 76 L.Ed. 306 (1932); *Ex Parte Arnold*, 916 S.W.2d 640, 641, (Tex.App.—Austin 1996, n.w.h.); *Helber v. State*, 915 S.W.2d 955, 958 (Tex.App.— Houston [1st Dist.] 1996, n.w.h.); *Ex Parte Tharp*, 912 S.W.2d 887, 889 (Tex.App.—Fort Worth 1995, pet. granted). Because the sanction imposed by Article 6687b–1 stems from a violation of § 49.04, we must determine whether the license suspension is punishment for double jeopardy purposes. *See Dixon*, 509 U.S. at 696–97, 113 S.Ct. at 2856–57.

■ Historically, the constitutional prohibition against multiple punishments was thought to arise only in criminal proceedings. *Ex Parte Camara*, 893 S.W.2d 553, 556 (Tex. App.—Corpus Christi 1994, no pet.). In *Halper*, however, the U.S. Supreme Court expanded the scope of double jeopardy to include civil penalties. 490 U.S. at 446, 109 S.Ct. at 1901; *Camara*, 893 S.W.2d at 556. A civil penalty qualifies as punishment if it is overwhelmingly disproportionate and bears no rational relation to the goal of compensating the government for its loss. *Halper*, 490 U.S. at 448, 109 S.Ct. at 1902; *Arnold*, 916 S.W.2d at 641; *Camara*, 893 S.W.2d at 557.

Relying on *Halper*, Ward contends that art. 6687b–1 imposes punishment because the license suspension is not solely remedial but also serves as retribution and deterrence. According to Ward, the following language from *Halper* supports his contention: "[A] civil sanction that cannot fairly be said solely to serve a remedial purpose, but rather can only be explained as also serving either retributive or deterrent purposes, is punishment." *Halper*, 490 U.S. at 448, 109 S.Ct. at 1902.

We believe that Ward reads *Halper* too broadly. The Supreme Court limited *Halper* to the rare case where the civil sanction is "overwhelmingly disproportionate to the damages" caused by the offense. *Id.* A civil sanction may be considered punishment when it "bears no rational relationship to the goal of compensating the Government for its loss." *Id.* Determining whether a civil sanction is punishment for double jeopardy purposes "requires a particularized assessment of the penalty imposed and the purposes that the penalty may fairly be said to serve." Id. at 448, 109 S.Ct. at 1901.

■ A sanction does not become punishment for double jeopardy purposes merely because it serves an obvious deterrent purpose. *Department of Revenue v. Kurth Ranch*, 511 U.S. 767, —— ——, 114 S.Ct. 1937, 1946–47, 128 L.Ed.2d 767 (1994); *Helber*, 915 S.W.2d at 960; *Tharp*, 912 S.W.2d at 892. A sanction becomes punishment when it is totally disproportionate to its rational purpose. *Halper*, 490 U.S. at 449, 109 S.Ct. at 1902; *Helber*, 915 S.W.2d at 960. Because license suspension is akin to the civil fines at issue in the *Halper* case, we conclude that the proper test for determining the primary purpose of Art. 6687b–1 is the disproportionality analysis set forth in *Halper*. That analysis requires us to determine if the deterrent or retributive effects in this case far out-

weigh any remedial goals. *Halper,* 490 U.S. at 449, 109 S.Ct. at 1902. If they do, we must hold that the sanction is punitive. *Id.*

Administrative suspension of a driver's license has traditionally been viewed as remedial action initiated by the need to protect the public by removing dangerous drivers from the streets. *Tharp,* 912 S.W.2d at 890–91; *see Davison v. State,* 166 Tex.Crim. 376, 313 S.W.2d 883, 886 (1958) (op. on reh'g); *Texas Dep't of Pub. Safety v. Richardson,* 384 S.W.2d 128, 132 (Tex.1964); *Helber,* 915 S.W.2d at 962; *Arnold,* 916 S.W.2d at 642–43; *Raitano v. Texas Dep't of Pub. Safety,* 860 S.W.2d 549, 551 (Tex.App.—Houston [1st Dist.] 1993, writ denied). Although Ward points to aspects of Art. 6687b–1, such as the expunction mechanism provided by § 5(d) and the provision for enhancement in § 6(b), as proof of the statute's penal nature, Ward fails to show that the legislature intended to punish the individual rather than protect the public when enacting this law. It is clear that §§ 5(d)[9] and 6(a)[10] were included to protect the individual's due process rights. On the other hand, § 6(b)[11] increases the State's ability to protect the public from drivers who repeatedly disregard responsibilities imposed by the privilege of being licensed to drive. We conclude that through these provisions the Legislature balanced individual rights against the need to protect the public from intoxicated drivers. Accordingly, we hold that art. 6687b–1 is primarily remedial and not punitive.

Our analysis, however, does not end here. We must now determine if the punitive effects of Art. 6687b–1 far outweigh the State's primary purpose of protecting the public from dangerous drivers. *See Halper,* 490 U.S. at 448, 109 S.Ct. at 1902.

Ward's license was temporarily suspended for sixty days. We cannot say that this sanction is overwhelmingly disproportionate to the State's primary remedial purpose. Because Ward does not claim other punitive effects, we hold that, as applied to Ward, Art. 6687b–1 is not punishment for double jeopar-dy purposes. Accordingly, we hold that the State's prosecution of Ward under § 49.04 of the Penal Code is not barred by the prior license suspension. We overrule Ward's sole point of error.

The trial court's denial of the writ of habeas corpus is AFFIRMED.

**9.** The expunction provision.

**10.** Section 6(b) delays commencement of the suspension for forty days.

**11.** The enhancement provision.