Ex parte Stacey Stalinsky VOISINET,
Appellant,

v.

The STATE of Texas, Appellee.

No. 1412–95.

Court of Criminal Appeals of Texas,
En Banc.

Nov. 27, 1996.

Michael C. Gross, San Antonio, Jim E. Lavine, Houston, for appellant.

Alan Curry, Assist. District Attorney, Houston, Matthew Paul, State's Atty., Austin, for the State.

## OPINION ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

MANSFIELD, Judge.

On January 1, 1995, a Houston police officer stopped appellant, Stacey Stalinsky Voisinet, for allegedly driving 51 miles per hour in a 35 miles per hour zone. Appellant submitted to an intoxilizer breath test, the result of which indicated an alcohol concentration of 0.139 grams per 210 liters of breath. Texas Penal Code § 49.01, then in effect, defined "intoxication" as having an alcohol concentration of .10 or more grams per 210 liters of breath. Appellant was then arrested for driving while intoxicated. Appellant was also issued a notice of driver's license suspension pursuant to Tex.Rev.Civ. Stat. art. 6687b–1, § 2(a) (1995). The notice stated appellant's right to operate a motor vehicle would be suspended for sixty days pursuant to Tex. Rev.Civ. Stat. art. 6701(*l* )–5, § 2(b) (1995).

On February 9, 1995, a hearing was held before an administrative law judge of the State Office of Administrative Hearings. Following the hearing, the judge entered findings of fact, which read, in part, that on January 1, 1995,

probable cause to arrest the Defendant existed, in that probable cause existed that Defendant was intoxicated while driving or in control of a motor vehicle in a public place as demonstrated by Defendant stat-

ed (sic) she drank 4 glasses of wine in addition to failing all field sobriety tests, HGN and heel to toe; smelled alcohol on breath; and Defendant was driving or in control of a motor vehicle ... in a public place ... with an alcohol concentration of 0.139 grams of alcohol per 210 liters of breath.

Appellant's license was suspended for sixty days, with said suspension to continue beyond sixty days until she paid $100 to the Texas Department of Public Safety. Appellant paid the $100.

Appellant was charged by information with the offense of driving while intoxicated, Tex. Penal Code § 49.01, on January 1, 1995. Due to a defect in the January 1, 1995, information, a second information was returned against appellant on March 15, 1995.

Appellant filed a pretrial application for writ of habeas corpus, claiming that, based upon the prior suspension of her driver's license, her constitutional double-jeopardy right to be free from multiple punishments for the same offense precluded the State from prosecuting her for the offense of driving while intoxicated. The trial court denied appellant's application for writ of habeas corpus. The Fourteenth Court of Appeals affirmed, reasoning that the double jeopardy guarantee was not implicated here because a DWI prosecution could not subject appellant to a second "punishment" for the "same offense." *Voisinet v. State,* 909 S.W.2d 262 (Tex.App.—Houston [14th Dist.] 1995).

Appellant's petition for discretionary review was granted on the following two grounds:

(1) Did the court of appeals err by ruling that the Administrative License Revocation hearing resulting in the suspension of appellant's driver's license and a subsequent prosecution for driving while intoxicated based on the same underlying conduct are not the "same offense" and therefore not subject to the protections of the Double Jeopardy Clause of Article I, Section 14 of the Texas Constitution?

(2) Did the court of appeals err by ruling that the Administrative License Revocation

hearing resulting in the suspension of the appellant's driver's license and a subsequent prosecution for driving while intoxicated based on the same underlying conduct are not the "same offense" and therefore not subject to the protections of the Double Jeopardy Clause of the Fifth Amendment of the United States Constitution?

■ The United States Supreme Court has established the "same elements" test as the proper method for analyzing double jeopardy claims based on the contention that two or more offenses are the "same offense" for double jeopardy purposes. *Blockburger v. United States,* 284 U.S. 299, 304, 52 S.Ct. 180, 182, 76 L.Ed. 306 (1932); *United States v. Dixon,* 509 U.S. 688, 696–97, 113 S.Ct. 2849, 2856, 125 L.Ed.2d 556 (1993). *See also, Parrish v. State,* 869 S.W.2d 352 (Tex.Crim. App.1994). Under the "same elements" test often referred to as the *"Blockburger* test," two statutes define different offenses provided "each provision requires proof of an additional fact which the other does not." *Blockburger,* 284 U.S. at 304, 52 S.Ct. at 182, *Parrish, supra,* at 353.

Texas Revised Civil Stat. article 6687b–1 provides for the administrative license revocation of an individual's license to drive if it is shown: (1) the person had a blood alcohol concentration of 0.10 or more; (2) while driving or in actual physical control of a motor vehicle; (3) in a public place; and (4) reasonable suspicion or probable cause existed to stop or arrest the person.

■ Texas Penal Code Section 49.04(a) states a person commits the offense of driving while intoxicated if the person: (1) is intoxicated; (2) while operating a motor vehicle; (3) in a public place. It is clear these two statutes define the same offense for double jeopardy purposes under the *Blockburger* test as the three elements of Texas Penal Code Section 49.04(a) are found in Texas Revised Civil Stat. article 6687b–1. The additional element—reasonable suspicion or probable cause existed to stop or arrest the person—found in article 6687b–1, does not alter this conclusion.[1] The court of appeals

---

1. We note the State will be generally required, as part of a prosecution for driving while intoxicat-

erred to hold otherwise. Under *Blockburger, Dixon,* and *Parrish,* if the driver's license suspension under article 6687b–1 was punishment, a subsequent prosecution of the same individual for driving while intoxicated would be barred by the Double Jeopardy Clause of the Texas and United States Constitutions.[2]

However, for the reasons expressed in *Ex parte Tharp,* 935 S.W.2d 157, delivered this date, the judgment of the court of appeals is vacated and the cause is remanded to the court of appeals for further proceedings consistent with this opinion.

McCORMICK, P.J., and OVERSTREET and KELLER, JJ., concur in the result.

MEYERS, Judge, Concurring.

The majority asserts that the State will "be generally required" to prove, along with the elements of driving while intoxicated set out in Texas Penal Code § 49.04(a), that reasonable suspicion or probable cause existed to stop or arrest an accused in order to obtain a DWI conviction against her. Since Texas Penal Code § 49.04(a) itself does not demand any such showing, I am not quite sure how the majority comes to find it as a requirement for a DWI conviction for purposes of our *Blockburger v. United States,* 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932) analysis.

The fact that, in many DWI cases, the defendant moves to suppress evidence on the theory that the State lacked reasonable suspicion or probable cause to stop or arrest and that the State, in turn, must show that it had the requisite reasonable suspicion or probable cause in order to admit the evidence, does not bear on our analysis under *Blockburger.* This is so because *Blockburger* asks only that we turn to the two relevant statutes and determine whether "each provision requires proof of an additional fact which the other does not" in order to discern whether the two statutes define "the same" or different offenses. *Id.* at 304, 52 S.Ct. at 182. After all, when the State wants to penalize an accused for any given offense it need only meet its burden of proof for each and every element of the offense *as set out in the statute.* It need do no more. In the case now before us, Texas Revised Civil Stat. article 6687b–1 requires proof that reasonable suspicion or probable cause exist to stop or arrest a person before their driver's license can be revoked, where Texas Penal Code § 49.04(a) does not require any such proof for a successful DWI prosecution. But § 49.04(a) does not require any proof above and beyond that required in 6687b–1. For this reason, I agree with the majority that the two statutes in this case constitute the "same offense" under *Blockburger* and that the Court of Appeals erred to find that they do not.

With these remarks, I concur in the result only.

---

ed, to demonstrate there was reasonable suspicion or probable cause to stop or arrest the person.

2. Several of the Courts of Appeals of this State have held the Administrative License Revocation procedure and the subsequent prosecution for driving while intoxicated define the "same offense" for purposes of the double jeopardy clause. *See Ex parte Tharp,* 912 S.W.2d 887 (Tex.App.—Ft.Worth 1995) (pet. grtd.); *Arnold v. State,* 920 S.W.2d 704, 710 (Tex.App.—Houston [1st Dist.] 1996); *Helber v. State,* 915 S.W.2d 955, 959 (Tex.App.—Houston [1st Dist.] 1996); *Ex parte Arnold,* 916 S.W.2d 640, 641 (Tex. App.—Austin 1996); *Ex parte Ward,* 925 S.W.2d 286 (Tex.App.—Corpus Christi 1996).