**Ex parte Victor Manuel REYNA, Appellant.**

**No. 2–96–253–CR.**

Court of Appeals of Texas, Fort Worth.

June 12, 1997.

J.R. Molina, Fort Worth, for Appellant.

Tim Curry, Criminal District Attorney, Charles M. Mallin, Chief of the Appellate Section, Debra Ann Windsor, Mollee Westfall, Assistant Criminal District Attorneys, Fort Worth, for Appellee.

Before CHARLES F. CAMPBELL (Sitting by Assignment), DAY and LIVINGSTON, JJ.

## OPINION

PER CURIAM.

The appellant, Victor Manuel Reyna, was arrested on April 13, 1995 for the offense of driving while intoxicated. *See* TEX. PENAL CODE ANN. § 49.04 (Vernon 1994 & Supp. 1997). The arresting officer requested that appellant submit a breath sample, but he refused. On April 19, a misdemeanor information was filed charging appellant with driving while intoxicated. On May 25, the Texas Department of Public Safety suspended his driver's license for ninety days because of the breath test refusal.[1] Appellant filed, in the trial court, an application for writ of habeas corpus alleging that he had already been punished by the administrative suspension order for the same conduct as that alleged in the misdemeanor information. After a hearing on the application, the trial court denied relief. Appellant perfected his appeal from the denial of relief. On appeal, appellant brings two points of error. We affirm.[2]

In his first point of error, appellant claims that because an administrative suspension punished him for the same conduct that the state will seek to prove in the driving while intoxicated information, he will be twice put in jeopardy for the same offense in violation of the Fifth Amendment to the United States Constitution. In his related point of error two, appellant makes the same argument, but claims the driving while intoxicated prosecution will subject him to double jeopardy in violation of article I, section 14 of the Texas Constitution.

### Appellant's Arguments

Appellant's arguments are essentially twofold: (1) the administrative statute, former article 6701*l*–5, section 2(i), contains the same elements as section 49.04 and, therefore, prosecution of appellant under section 49.04 would violate the double jeopardy principles found in *Blockburger v. United States*, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932); and (2) the Texas courts have accorded different treatment to the *Blockburger* "same elements" test by factoring into that test the provisions of article 37.09 of the Code of Criminal Procedure,[3] thereby evidencing an intent by Texas courts to interpret article I, section 14 of the Texas Constitution differently than the Fifth Amendment to the United States Constitution, citing *Parrish v. State*, 869 S.W.2d 352 (Tex.Crim.App.1994) and *Heitman v. State*, 815 S.W.2d 681 (Tex. Crim.App.1991).

### Applicable Law

Our Court of Criminal Appeals recently addressed a threshold issue that we believe is dispositive of appellant's claims. In *Ex parte Tharp v. State*, 935 S.W.2d 157, 158

---

1. *See* Act of May 29, 1993, 73rd Leg., R.S., ch. 886, § 9, 1993 Tex. Gen. Laws 3515, 3525, *repealed by* Act of May 23, 1995, 74th Leg., R.S., ch. 165, § 24, 1995 Tex. Gen. Laws 1025, 1871 (providing that if a person refuses the request of a peace officer to submit to the taking of a specimen, the department shall suspend the person's license to operate a motor vehicle on a public highway for ninety days) (current version at TEX. TRANSP. CODE ANN. § 724.035 (Vernon Supp.1997)) (formerly codified at TEX.REV CIV. STAT. ANN. art. 6701*l*–5, § 2(a) (Vernon Supp.

1995)) (hereinafter "former article 6701*l*–5, section 2(i)").

2. Because neither the factual nor legal sufficiency of the evidence is challenged, a recitation of the facts is unnecessary.

3. *See* TEX.CODE CRIM PROC. ANN. art. 37.09(1) (Vernon 1981) ("An offense is a lesser included offense if: (1) it is established by proof of the same or less than all the facts required to establish the commission of the offense charged . . .").

(Tex.Crim.App.1996), the defendant Tharp was arrested for driving while intoxicated. He provided police with a specimen of his breath, which revealed an alcohol concentration level of at least 0.10. Tharp was served with notice of driver's license suspension pursuant to former article 6687b–1, section 5(a).[4] Subsequently, Tharp's license was suspended for a period of sixty days pursuant to this statute. Then the state filed charges against Tharp for driving while intoxicated. Tharp, like appellant herein, filed a pretrial writ of habeas corpus in the county court, claiming that his prosecution for driving while intoxicated was jeopardy barred because he was previously punished by the administrative sanction imposed by the Department of Public Safety.[5]

On the threshold question of whether administrative licensing sanctions constitute "punishment" under the Federal Double Jeopardy Clause, the Court of Criminal Appeals held:

> The courts of appeals focused on the civil aspects of the administrative license revocation statute and procedure, as well as the relatively mild sanction imposed pursuant thereto, in concluding the sixty day license suspension to be "remedial" and not a "punishment." We find the reasoning of the courts of appeals on this matter to be sound and hold that the administrative suspension of appellant's license under [former article 6687b–1] did not constitute punishment for purposes of the Double Jeopardy Clause of the Fifth Amendment. Therefore, appellant's subsequent prosecution for driving while intoxicated does not implicate his protection under the Double

Jeopardy Clause against multiple punishments for the same offense.

*Id.* at 160–61.

## Application of Law to the Facts

The only ascertainable difference between the administrative purpose served by former article 6687b–1 in *Ex parte Tharp* and former article 6701*l*–5, section 2(i) in the instant case is that former article 6687b–1 sanctions a person who submits a breath sample that contains an alcohol content of at least 0.10, while former article 6701*l*–5, section 2(i) sanctions a person who totally refuses to submit a breath sample.

The administrative purpose of former article 6701*l*–5, section 2(i) was to provide a sanction for failure to comply with the state's "implied consent" law, which was embodied in former article 6701*l*–5, section 1.[6] As this court said in its opinion in *Ex parte Tharp*:

> [W]e similarly acknowledge that the normal purpose behind license revocations, regardless of the variety of license involved, is to protect the public from persons who, through the use of their license, have endangered or harmed others.... Removing from offenders their license to engage in the activity, when they have displayed an inability to make proper and safe use of the privilege, is a common-sense and practical approach to ensuring that they will not endanger the public in the future.

*Ex parte Tharp,* 912 S.W.2d 887, 894 (Tex. App.—Fort Worth 1995), *aff'd,* 935 S.W.2d 157 (Tex.Crim.App.1996).

There is also a difference in the suspension time—sixty days for a violation under former article 6687b–1 (depending upon the number of alcohol related incidents) and ninety days

---

4. *See* Act of June 19, 1993, 73rd Leg., R.S., ch. 886, § 1, 1993 Tex. Gen. Laws 3515, 3517, *repealed by* Act of May 23, 1995, 74th Leg., R.S., ch. 165, § 24, 1995 Tex. Gen. Laws 1025, 1871 (providing that the department shall suspend the driver's license of a person if it determines that the person had an alcohol concentration of at least 0.10 while driving or operating a motor vehicle in a public place) (current version at Tex. Transp. Code Ann. § 524.012 (Vernon Supp. 1997)) (formerly codified at Tex.Rev.Civ. Stat. Ann. art. 6687b–1, § 5(a) (Vernon Supp.1995)) (hereinafter "former article 6687b–1, section 5(a)").

5. Appellant's driver's license was suspended for ninety days.

6. *See* Act of May 24, 1969, 61st Leg., R.S., ch. 434, 1969 Tex. Gen. Laws 1468, 1468–70, *amended by* Act of May 29, 1993, 73rd Leg., R.S., ch. 886, § 9, 1993 Tex. Gen. Laws 3523, 3523–24, 3525, *repealed by* Act of May 1, 1995, 74th Leg., R.S., ch. 165, § 1, 1995 Tex. Gen. Laws 1025, 1871 (current version at Tex. Transp. Code Ann. § 724.011 (Vernon Supp.1997)) (formerly codified at Tex.Rev.Civ Stat. Ann. art. 6701*l*–5, § 1 (Vernon Supp.1995)) (hereinafter "former article 6701*l*–5, section 1").

for a violation under former article 6701*l*–5, section 2(i). The difference in the gravamen of the two statutes is minimal at best, and therefore we see no reason not to extend the holding of the Court of Criminal Appeals in *Ex parte Tharp* to violations of former article 6701*l*–5, section 2(i). We hold that the driver's license suspension under former article 6701*l*–5, section 2(i) does not constitute punishment for double jeopardy purposes, and therefore a prosecution under section 49.04 does not violate the protection against multiple punishments found in the Fifth Amendment to the United States Constitution.

We need not reach appellant's argument that section 49.04 and former article 6701*l*–5, section 2(i) contain the same elements in violation of *Blockburger* because the threshold issue herein pretermits the necessity of such an analysis.[7] Even if we were to assume *arguendo* that the elements in both statutes were identical, no Fifth Amendment double jeopardy violation would be extant because there was no "punishment" aspect present in the sanction for violation of former article 6701*l*–5, section 2(i). Similarly, we need not reach appellant's state constitutional claim because he entirely targeted the "same elements" portion of the double jeopardy argument and did not touch upon whether sanctions under administrative suspension statutes constitute "punishment." We overrule both of appellant's points of error.

The order of the trial court is affirmed.

7. This court has recently disposed of this issue. *Ex parte Martinez,* 942 S.W.2d 89 (Tex.App.— Fort Worth 1997, no pet.).