Julia Ramsey TODD, Appellant,

v.

The STATE of Texas, Appellee.

No. 10–97–182–CR.

Court of Appeals of Texas,
Waco.

Nov. 19, 1997.

Michael R. Millican, Richardson, for appellant.

Joe F. Grubbs, County & District Attorney, Jill A. Durbin, Asst. County & District Attorney, Waxahachie, for appellee.

Before DAVIS, C.J., and CUMMINGS and VANCE, JJ.

## OPINION

PER CURIAM.

Does an administrative law judge's finding of "no probable cause" in a driver's license suspension hearing collaterally estop a trial judge from making a different finding at a suppression hearing in a subsequent criminal proceeding? We hold that it does not.

## BACKGROUND

Julia Ramsey Todd was arrested on May 5, 1996, for driving while intoxicated. She was charged with driving while intoxicated, second offense. TEX. PEN.CODE ANN. §§ 49.04, 49.09(a) (Vernon 1994 & Supp. 1997). Because Todd had refused to give a blood or breath specimen, the Department of Public Safety (DPS) took action to suspend her driver's license. TEX. TRANSP. CODE ANN. § 724.035 (Vernon Supp.1997). On June 21, an administrative law judge ("ALJ") conducted a hearing on the license suspension. Id. § 724.041 (Vernon Supp.1997). The ALJ found that the DPS had not proven probable cause to arrest Todd by a preponderance of the evidence.

After the ALJ's ruling, Todd filed a "Motion to Suppress Evidence" and a "Special Plea of Collateral Estoppel and Motion to Grant Motion to Suppress" in the DWI proceeding. She argued that, because the ALJ had determined that there had been no probable cause, the doctrine of collateral estoppel barred relitigation of that issue. The court denied the motions.

## ADMINISTRATIVE LICENSE SUSPENSIONS

The DPS has the authority to suspend driver's licenses under two circumstances relevant here. First, chapter 524 of the Transportation Code allows the suspension of a driver's license when a person arrested for driving while intoxicated gives a breath or blood sample which shows an alcohol concentration of 0.10 or more.[1] Id. § 524.011(a) (Vernon Supp.1997). If the driver requests a

hearing after notice of a suspension, an ALJ must find by a preponderance of the evidence that (1) the person was operating a motor vehicle with an alcohol concentration of 0.10 or more, and (2) reasonable suspicion to stop or probable cause to arrest the person existed. Id. § 524.035.

Second, chapter 724, "Implied Consent," provides for the suspension of a driver's license when a person arrested for an intoxication offense involving a motor vehicle refuses to give a breath or blood specimen. Id. § 724.035. If the driver requests a hearing on this type of suspension, the ALJ must find by a preponderance of the evidence that (1) reasonable suspicion or probable cause existed to stop or arrest the person; (2) probable cause existed to believe that the person was operating a motor vehicle in a public place while intoxicated; (3) the person was placed under arrest by the officer and was requested to submit to the taking of a specimen; and (4) the person refused to submit to the taking of a specimen on request of the officer. Id. § 724.042.

If the ALJ fails to find a required issue under either type of suspension, the DPS must reinstate the person's driver's license. Id. §§ 524.035(c), 724.043(b).

## COLLATERAL ESTOPPEL

The doctrine of collateral estoppel derives from the Fifth Amendment guarantee against double jeopardy. *Ashe v. Swenson*, 397 U.S. 436, 445, 90 S.Ct. 1189, 1195, 25 L.Ed.2d 469 (1970).

"Collateral estoppel" is an awkward phrase, but it stands for an extremely important principle in our adversary system of justice. It means simply that when an issue of ultimate fact has once been determined by a valid and final judgment, that issue cannot again be litigated between the same parties in any future lawsuit.

*Id.* at 443, 90 S.Ct. at 1194.

Collateral estoppel in the context of administrative driver's license suspensions has

---

1. The statute allows suspension if the driver's alcohol concentration is that specified by section 49.01(2)(B) of the Penal Code. TEX. TRANSP. CODE ANN. § 524.011(a) (Vernon Supp.1997). Section 49.01(2)(B) defines intoxication as "having an alcohol concentration of 0.10 or more." TEX. PEN.CODE ANN. § 49.01(2)(B) (Vernon 1994).

been a hotly litigated topic in recent years. The question arises when the finder of fact in the administrative license suspension proceeding fails to find a required issue. In later criminal proceedings, defendants have argued that the trial court is collaterally estopped from various actions by the prior negative administrative finding.

The Court of Criminal Appeals has held that an administrative determination of "no probable cause" does not collaterally estop the State from prosecuting the DWI, because the ultimate issues of fact differ in the two proceedings. *Neaves v. State*, 767 S.W.2d 784, 786 (Tex.Crim.App.1989) (elements of the offense of DWI do not include probable cause) (suspension was for refusal to submit to breath test). However, the question remained whether "probable cause"—as the same ultimate fact issue in a license suspension hearing and a hearing on a motion to suppress evidence—is subject to collateral estoppel.

The Court of Criminal Appeals addressed this issue in the recent case of *State v. Aguilar*, 947 S.W.2d 257 (Tex.Crim.App. 1997). Aguilar was arrested for DWI and refused to provide a breath sample. The administrative hearing on his driver's license suspension resulted in a finding of "no probable cause to arrest." Aguilar filed a motion to suppress in the DWI proceeding, arguing that the critical issue of probable cause could not be relitigated because of the doctrine of collateral estoppel. *Id.* at 258–59.

The Court stated that, on a case-by-case basis, collateral estoppel may have application, even if one of the proceedings is labeled "civil" or "administrative." *Id.* at 259–60 The elements necessary to support a collateral bar are:

First, there must be a "full hearing" at which the parties had an opportunity to thoroughly and fairly litigate the relevant issue. Second, the fact issue must be the same in both proceedings. And finally, the

fact finder must have acted in a judicial capacity. These requirements are meant to ensure that the doctrine of collateral estoppel properly restricts the State to only reliable factual findings. In addition, the defendant has the burden of establishing the preceding requirements in order to invoke the doctrine of collateral estoppel.

*Id.* The Court determined that, although "the doctrine of collateral estoppel might, in principle, bar the State from relitigating fact issues found in a previous administrative license revocation proceeding," Aguilar had failed to demonstrate the necessary elements at the suppression hearing.[2] *Id.* at 260. The Court also noted that, for offenses committed after September 1, 1995, the Transportation Code provides that a administrative suspension hearing is a civil matter and is "not a bar to any matter in issue in an adjudication of a criminal charge arising from the occurrence...." *Id.* at 261 n. 5.

### STATUTORY PROVISION

As stated in *Aguilar*, the legislature has addressed the issue of collateral estoppel regarding administrative driver's license suspensions. Effective September 1, 1995, section 724.048 of the Transportation Code provides:

§ 724.048 **Relationship of Administrative Proceeding to Criminal Proceeding**

(a) The determination of the department or administrative law judge:

(1) is a civil matter;

(2) is independent of and is not an estoppel as to any matter in issue in an adjudication of a criminal charge arising from the occurrence that is the basis for the suspension or denial; and

(3) does not preclude litigation of the same or similar facts in a criminal prosecution.

TEX. TRANSP. CODE ANN. § 724.048 (Vernon Supp.1997).[3]

---

2. In *Aguilar*, the administrative hearing had been "informal"—the hearings examiner was not a lawyer, the State had not been represented by legal counsel, and no witnesses testified. *State v. Aguilar*, 947 S.W.2d 257, 260–61 (Tex.Crim.App. 1997).

3. Section 724.048(a) is substantially similar to section 524.012(e). TEX. TRANSP. CODE ANN. §§ 524.012(e), 724.048(a) (Vernon Supp.1997). The former applies to license suspensions under Chapter 724 when a person has refused to give a breath or blood specimen. *Id.* § 724.048(a). The latter applies to license suspensions under

If section 724.048 is valid, Todd cannot prevail on the motion to suppress.

## VALIDITY OF SECTION 724.048

The Court of Criminal Appeals has determined that a license suspension under former article 6687b-1, § 2(a) (driving with an alcohol concentration of 0.10 or more) and a subsequent DWI prosecution for the same conduct are the "same offense" for purposes of double jeopardy. *Voisinet v. State*, 935 S.W.2d 424, 425 (Tex.Crim.App.1996). Thus, if the driver's license suspension is "punishment," the Double Jeopardy Clause of the Texas and United States Constitutions bars a subsequent criminal prosecution of the same individual for driving while intoxicated. *Id.* at 426 (emphasis added) (license suspension under former article 6687b-1 now section 524.035 of the Transportation Code). On the same day it decided *Voisinet*, however, the Court held that the administrative suspension of a driver's license for refusing the test is not "punishment" such as to preclude a subsequent DWI prosecution on double jeopardy grounds. *Tharp v. State*, 935 S.W.2d 157, 161 (Tex.Crim.App.1996).

■ The legislature cannot simply statutorily dictate what is and is not double jeopardy or collateral estoppel by labeling a statute "civil." *See Arnold v. State*, 920 S.W.2d 704, 708 (Tex.App.—Houston [1st Dist.] 1996, pet. ref'd). The constitutionality of statutes is for the judiciary. *Id.* However, the Court of Criminal Appeals has, in a sense, determined that section 724.048(a) is constitutional.

■ The Court has determined that an administrative driver's license suspension is a remedial, civil matter which does not constitute "punishment" for double jeopardy purposes. *Tharp*, 935 S.W.2d at 161. As Justice Quinn of the Amarillo Court of Appeals has aptly stated the question: "If collateral estoppel (in the criminal setting) is a subset of the larger Double Jeopardy Clause, how can collateral estoppel apply when the Double Jeopardy Clause does not?" *State v. Smiley*, 943 S.W.2d 156, 156 (Tex.App.—

Amarillo 1997, pet. filed). Double jeopardy is triggered by the risk of multiple prosecutions or punishments for the same offense. *Id.* at 157. The Court of Criminal Appeals has determined that an administrative license suspension is not punishment. *Ex parte Tharp*, 935 S.W.2d at 161.

■ Because the Court of Criminal Appeals has determined that double jeopardy does not arise from administrative suspension hearings because no "punishment" is imposed, we do not believe that collateral estoppel should arise either.

## STANDARD OF REVIEW

■ An appellate court should not disturb the factual findings of a trial court absent an abuse of discretion. *Freeman v. State*, 723 S.W.2d 727, 729 (Tex.Crim.App. 1986). We must defer to the trial court's factual findings unless we conclude that the record utterly fails to support the factual finding. *State v. Groves*, 837 S.W.2d 103, 106 (Tex.Crim.App.1992). Having determined that the administrative proceeding does not collaterally estop relitigation of the issue of probable cause, we find the court did not abuse its discretion in overruling the motion.

We overrule point one.

## STATE LAW GROUNDS

In point two, Todd argues that the court erred in overruling his motion to suppress by not applying the doctrine of collateral estoppel in violation of the Texas Constitution and the Code of Criminal Procedure. TEX. CONST. art. I, §§ 9, 10, 14; TEX.CODE CRIM. PROC. ANN. arts. 1.10, 38.23 (Vernon Supp. 1997).

Having determined that the findings of the ALJ do not collaterally estop findings in a subsequent criminal trial under federal law, we do not find that the court violated the state constitution or laws. We overrule point two.

Chapter 524 when a person has given a specimen which had an alcohol concentration of 0.10 or

more. *Id.* § 524.012(e).

We affirm the order overruling the motion to suppress.

VANCE, J., dissenting.

VANCE, Justice, dissenting.

Although the Court of Criminal Appeals has determined that an administrative driver's license suspension does not constitute "punishment" for double jeopardy purposes, *Ex parte Tharp v. State*, 935 S.W.2d at 161, I find nothing in the concept of collateral estoppel that depends on whether the former determination of the issue in question resulted in punishment. Thus, I agree with Chief Justice Boyd's dissent in *State v. Smiley*:

Section 724.048(a) does not preclude the application of collateral estoppel. Both the United States Supreme Court and our Court of Criminal Appeals have defined collateral estoppel to mean "that when an issue of ultimate fact has once been determined by a valid and final judgment, that issue cannot again be litigated between the same parties in any future lawsuit." *Ashe v. Swenson*, 397 U.S. 436, 443, 90 S.Ct. 1189, 1194, 25 L.Ed.2d 469 (1970); *Ex parte Mathes*, 830 S.W.2d 596, 598 (Tex. Crim.App.1992). Nothing in that definition requires that the prior judgment be the result of a criminal proceeding. Indeed, in *Ex parte Tarver*, 725 S.W.2d 195 (Tex.Crim.App.1986), that court found the trial court erred in rejecting Tarver's collateral estoppel claim even though he had not been placed in jeopardy by the prior probation revocation proceeding. *Id.* at 197.

In *Ashe*, the Federal Supreme Court held that in the criminal law context, collateral estoppel is a right protected by the Fifth Amendment to the Federal Constitution. Thus, because the Fifth Amendment is applicable to the individual states, *Benton v. Maryland*, 395 U.S. 784, 794, 89 S.Ct. 2056, 2062, 23 L.Ed.2d 707 (1969), the protections afforded by that amendment, including collateral estoppel, are a matter of constitutional right. *Ashe*, 397 U.S. at 445–46, 90 S.Ct. at 1195–96. To the degree that a statue is in conflict with the State or Federal Constitutions, the statue must yield. U.S. CONST. art. VI, cl. 2;

*Marbury v. Madison*, 5 U.S. 137, 1 Cranch 137, 180, 2 L.Ed. 60 (1803); *Ex parte Granviel*, 561 S.W.2d 503, 511 (Tex.Crim. App.1978). The constitutional infirmity of this statute has been noted before. *See Arnold v. State*, 920 S.W.2d 704, 708 (Tex. App.—Houston [1st Dist.] 1996, pet. filed) (discussing predecessor statute TEX. REV. CIV. STAT. ANN. art. 6687b–1, § 5(d) (repealed by Act of May 1, 1995, 74th Leg., R.S., ch. 165, § 1, 24, 1995 Tex. Gen. Laws 1025, 1870–71)).

*State v. Smiley*, 943 S.W.2d 156, 156 (Tex. App.—Amarillo 1997, pet. filed) (footnotes omitted). As Chief Justice Boyd points out, the much narrower doctrine of collateral estoppel, or issue preclusion, precludes relitigation of specific facts that were actually resolved in a prior litigation. *Id.* at 161 (citing *Ashe*, 397 U.S. at 443, 90 S.Ct. at 1194).

I would hold that the doctrine of collateral estoppel precludes another ruling on Todd's motion to suppress based on the absence of probable cause. The prior ruling by the ALJ occurred after a full hearing at which both parties had an opportunity to fully and fairly litigate the issue. The ALJ acted in a judicial capacity, and there is no reason not to accept his finding as reliable. Indeed, the entire procedure was established by the legislature to provide due process in license-suspension proceedings when a hearing is requested by the person whose license is subject to a suspension.

Because an administrative law judge has found that no probable cause existed to stop Todd, I would reverse the order overruling the motion to suppress evidence and grant the motion.