**Daniel Rafael CALDERON, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 14–97–00347–CR.

Court of Appeals of Texas,
Houston (14th Dist.).

May 28, 1998.

Logene L. Foster, Houston, for appellant.

John F. Healey, John Harrity, III, Richmond, for appellee.

Before MURPHY, C.J., and HUDSON and O'NEILL, JJ.

## OPINION

MURPHY, Chief Justice.

Appellant, Daniel Rafael Calderon, appeals the pre-trial denial of a writ of habeas corpus based on double jeopardy grounds. In his first two points of error, appellant argues collateral estoppel bars the State from relitigating the issues of reasonable suspicion and probable cause determined at the administrative license revocation hearing on both federal and state constitutional grounds. In his third point, appellant argues collateral estoppel prohibits the State from relitigating the issue of intoxication as defined by Section 49.01 of the Texas Penal Code. We affirm.

The Texas Legislature authorizes the Department of Public Safety (DPS) to suspend a driver's license when the driver is arrested for driving while intoxicated (DWI) and gives a breath or blood sample which indicates an alcohol concentration of 0.10 or more. *See* TEX. TRANS. CODE ANN. § 524.011(a) (Vernon Pamph.1998); TEX. PENAL CODE ANN. § 49.01(2)(B) (Vernon 1994). If the driver requests a hearing after notice of a suspension, an administrative law judge must find by a preponderance of the evidence that (1) the person was operating a motor vehicle in a public place with an alcohol concentration of 0.10 or more, and (2) reasonable suspicion to stop or probable cause to arrest the person existed in order to uphold the suspension. *See* TEX. TRANSP. CODE ANN. § 524.035(a). If the administrative law judge fails to find either issue under Section 524.035(a), the DPS must reinstate the driver's license. *Id.* § 524.035(c).

In this case, appellant submitted a breath specimen to police after his DWI arrest. Before trial on the criminal charge, appellant appeared before an administrative law judge for a driver's license revocation hearing. The administrative law judge found the DPS had not met its burden of proving intoxication by 0.10 blood alcohol concentration by a preponderance of the evidence and declined to suspend appellant's license. Before his criminal trial for DWI appellant filed an application for writ of habeas corpus, which the trial court denied.

In three points of error, appellant contends collateral estoppel, emanating from federal and state double jeopardy guarantees, bars the State from relitigating the issues of reasonable suspicion to stop, probable cause to arrest, and intoxication by alcohol concentration because the administrative law judge decided those issues against the State at the license revocation hearing. "The double jeopardy proscription of the Fifth Amendment to the United States Constitution and Article I, Section 14 of the Texas Constitution protect an accused against being twice tried for the same offense." *Walton v. State,* 831 S.W.2d 488, 490 (Tex.App.—Houston [14th Dist.] 1992, no pet.). The constitutional protections against double jeopardy necessarily encompass the doctrine of collateral estoppel. *See Ashe v. Swenson,* 397 U.S. 436, 443, 90 S.Ct. 1189, 25 L.Ed.2d 469 (1970); *Walton,* 831 S.W.2d at 490. "Conceptually, the State and Federal double jeopardy provisions are identical." *Stephens v. State,* 806 S.W.2d 812, 814 (Tex.Crim.App. 1990).

The doctrine of collateral estoppel emanating from the state and federal constitutional double jeopardy protections, however, is not implicated in cases where double jeopardy is not applicable. *See State v. Brabson,* 966 S.W.2d 493, 495, n. 2 (Tex. Crim.App.1998). The double jeopardy bar applies to successive prosecutions and successive punishments for the same criminal offense but only if the two offenses for which the defendant is punished or tried are the same "offense" as defined by the "same elements" or *"Blockburger"* test. *See United States v. Dixon,* 509 U.S. 688, 696, 113 S.Ct.

2849, 125 L.Ed.2d 556 (1993); *Blockburger v. United States,* 284 U.S. 299, 304, 52 S.Ct. 180, 76 L.Ed. 306 (1932). The statutes authorizing prosecution for the offense of DWI and a driver's license revocation define the same offense for double jeopardy purposes under *Blockburger. See Voisinet v. State,* 935 S.W.2d 424, 425 (Tex.Crim.App.1996). Nevertheless, the Double Jeopardy Clause of the Texas and United States Constitutions are not implicated unless a driver's license suspension constitutes punishment. *See Voisinet,* 935 S.W.2d at 426. The suspension of a driver's license is a remedial civil sanction and does not constitute "punishment." *See Tharp v. State,* 935 S.W.2d 157, 161 (Tex. Crim.App.1996). Therefore, the doctrine of collateral estoppel emanating from state and federal constitutional double jeopardy protections does not apply to bar the relitigation of findings made at an administrative license revocation hearing.[1]

 Appellant brought his constitutional claims on appeal from the denial of a motion for writ of habeas corpus. A petition for pre-trial writ of habeas corpus is an extraordinary remedy that should not be granted when there is an adequate remedy by appeal after final judgment; it is not a substitute for an appeal. *See Ex parte Clore,* 690 S.W.2d 899, 900 (Tex.Crim.App.1985). A double jeopardy claim, nevertheless, may be brought by motion for writ of habeas corpus. *See Ex parte Gonzales,* 667 S.W.2d 932, 935 (Tex.App.—Austin 1984, pet. ref'd). Appellant's collateral estoppel claim, however, does not fall within federal or state double jeopardy protection. Therefore, relief by writ of habeas corpus is not appropriate and should not be granted. The trial court did not abuse its discretion in denying appellant's motion for writ of habeas corpus. Accordingly, we overrule all of appellant's points of error and affirm the judgment of the court below.

---

1. Texas has adopted the federal common law doctrine of administrative collateral estoppel for criminal cases. *See State v. Brabson,* 966 S.W.2d 493, ——, slip op. at 3, n. 2 (Tex.Crim.App.1998).